**ARGO et, Plaintiff, v. KAISER, Defendant.**

Common Pleas Court, Franklin County.

No. 186147.   Decided July 24, 1953.

Armstrong & Carmack, for plaintiff.
Richard Huggard, Columbus, for defendant.

## OPINION

By BARTLETT, J.

Under §3180-11 GC, the County Commissioners amended the Rural Zoning Resolution of 1948 by placing a certain parcel of ground in a general commercial district in Perry Township; and by petition the matter was placed upon the ballot in the 1949 election and was defeated by the voters of the township by a vote of 578 to 460. The ballot contained a text showing the correct location, size and owner of the parcel of ground, but also contained a defective description thereof by a lot number. An injunction was sought to prevent the owner of the parcel of ground from using it for any commercial purpose. HELD:

1. INJUNCTION GRANTED.

2. THE TEXT ON THE BALLOT DESCRIBING THE AMENDMENT WAS A SUBSTANTIAL COMPLIANCE WITH §4785-103 GC, THEN IN FORCE, AS IT SHOWED THE CORRECT LOCATION, SIZE AND OWNERSHIP OF THE PARCEL OF GROUND TO BE TRANSFERRED TO A GENERAL COMMERCIAL DISTRICT.

3. THE RESULT OF THE ELECTION DEFEATING THE AMENDMENT WAS VALID AND BINDING, THERE BEING NO PROOF THAT THE VOTERS WERE MISLED BY THE DEFECTIVE PART OF THE DESCRIPTION OF SAID PARCEL OF GROUND.

Under the Franklin County Rural Zoning Resolution of 1948 the 1.038 acre tract of ground in question and a similar tract adjoining it on the north were placed in a residential district, but prior to the effective date of said Zoning Resolution, the owner of the two tracts began construction of a store building on the north tract of ground.

On December 30, 1948, Irvin Hommon, the then owner, made application to the Rural Zoning Board to change the two parcels of ground to a general commercial district which application was disapproved.

The case was certified to the County Commissioners and on

May 10, 1949, the Board of County Commissioners placed both parcels of ground in a general commercial district; thereafter said County Commissioners upon petition of 84 electors, submitted the matter to the electors of Perry Township, at the 1949 general election; and the issue as it appeared on the ballot was rejected by a vote of 578 to 460.

The issue appeared on the ballot in the form prescribed by the County Commissioners, the title being in these words:

"AMENDMENT TO RURAL ZONING RESOLUTION
GENERAL ELECTION HELD IN
PERRY TOWNSHIP
FRANKLIN COUNTY, OHIO
NOVEMBER 8th, 1949"

Immediately below the above title on the ballot was the printed text describing the issue in these words:

"SHALL THE AMENDMENT ADOPTED ON MAY 10, 1949, BY THE BOARD OF COUNTY COMMISSIONERS OF FRANKLIN COUNTY, OHIO (WHICH AMENDMENT PROVIDED THAT LOT NO. 1 OWNED BY IRVIN HOMMON, LOCATED IN PERRY TOWNSHIP ALONG THE EAST SIDE OF THE COLUMBUS-MARYSVILLE ROAD BETWEEN McCOY AND LANE ROADS AND BEING 1.03 ACRES IN SIZE, BE PLACED IN A GENERAL COMMERCIAL DISTRICT) BE APPROVED?"

The appropriate places for voting "yes" or "no" appear on the ballot in accordance with the statute.

The parcel in question was described in the deed to the present owner as "Lot Number Two, (2) of Exhibit "A" of the partition of the Porter J. McCoy and Anna McCoy farms, described as follows:"

(Metes and bounds set out, "containing 1.038 acres of land").

The parcel in question appears as Lot No. 2, containing 1.038 acres, on the map in the County Engineer's Office, Lot No. 3 thereon is the other tract formerly owned by Hommon on which the store was constructed, and Lot No. 1 thereon is owned by Maurice and Lucy Spain.

After the aforesaid election the defendant acquired the tract of land in question by deed from the Hommon estate, secured a building permit and started the construction thereof of a one-story building to be used as a gas station and restaurant.

The plaintiff filed the instant suit seeking an injunction against the construction of said commercial building.

The defendant states that he relied upon the indication on the records and maps of the County Rural Zoning Commission that said property was zoned for general commercial use, and would not have purchased the same if said records and maps had shown otherwise.

The stipulated facts show that the defendant, prior to the purchase of the property, inquired as to the zoning classification at the office of the Franklin County Rural Zoning Commission; and was advised that "due to the wrong description of the property voted on, there has been a question as to the proper zoning of this property."

In the opinion of the Court, the chief issue in this case is, what effect if any, has the faulty description of the property on the ballot as to the result of the election.

In the case of **Prosen v. Duffy, 152 Oh St 139**, it was held:

"2. Where, pursuant to §3180-35 GC, a zoning plan is submitted to the electors residing in an unincorporated area of a township, the form of the ballot is controlled by §4785-103 GC, and the provision thereof, that 'immediately below such title shall be printed the text describing the question or issue,' does not require the printing on the ballot of the whole text of the zoning plan or an impracticable digest thereof, but does require the printing of language constituting a topic or theme describing the question or issue submitted."

The Franklin County Zoning Resolution was submitted to the voters under §3180-10 GC, while the Zoning resolution involved in the case of Prosen v. Duffy, supra, was submitted to the voters under §3180-35 GC, since it was a resolution by the trustees of a township; but the words of the two sections are identical, except that where in the first section the words "board of county commissioners" are used, in the second section the words "board of trustees" are used.

**Sec. 3180-11 GC**, provides:

"Amendments or supplements to the zoning resolution may be made in the same manner and for the same purposes provided in this act for the adoption of the original resolution, except that such amendments or supplements may be made without submitting them to a vote of the electors, unless within thirty days after the adoption of the amendment or supplement there is presented to the board of county commissioners a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan and affected by the amendment or supplement equal to not less than 8% of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the board of county commissioners to submit the amendment or supplement to the electors of such area for approval or rejection at the next primary or general election. * * *"

**Sec. 3180-36 GC**, providing for amendments to Township Zoning resolutions, is in the identical words of **§3180-11 GC**,

542

supra, governing amendments to County Zoning Resolutions, except that where the words "board of county commissioners" appear in the latter, the words "Board of trustees" appear in the former section.

J. Stewart in case of Prosen v. Duffy at p. 145 says:

"We are of the opinion that, since no special form of ballot is prescribed in §3180-35 GC, the provisions of §4785-103 GC apply to the present case, and we must, therefore, determine the meaning of the language in controversy, to-wit: text describing the question or issue."

Again on page 148 of the Prosen case, supra, J. Stewart says:

"We hold, therefore, that the language on the ballot, supra, although it was not the text of the question or issue, nevertheless it was the text describing such question or issue."

Applying the reasoning of J. Stewart in the Prosen case to the instant case, this Court is of the opinion that where an amendment to the County Zoning Resolution is submitted to the electors of a township, pursuant to §3180-11 GC, the form of ballot is controlled by §4785-103 GC, then in force; that the later section merely requires a text on the ballot describing the question or issue submitted; and that the words on the ballot in the instant case described the question or issue "amendment of the County Zoning Resolution" which was the subject of the election.

As was stated by J. Stewart in the Prosen case, supra, p. 149, in the present case there was no claim of fraud on the part of the officials. It is not disputed that no protest was made prior to the election and there is no evidence that any of the voters in Perry Township were misled. Since there were more votes cast upon the amendment of the zoning-plan issue than were cast upon the other issues at the same election, except the much publicized law permitting the sale of colored oleomargine, yes, even more votes than were cast upon a tax levy, it would seem that there was not only a lively interest but an intelligent conception upon the part of the electors in Perry Township with reference to such amendment of the county zoning plan.

It must be remembered that prior to the election, a public hearing on this amendment was held by the county rural zoning commission, notice of which was given as prescribed by law, that the County Commissioners held a similar public hearing after legal notice thereof, and that petitions were circulated and signed in Perry Township opposing the amendment. Moreover, just the year previous the County Zoning Resolution had been approved by the voters in a hotly contested election, after similar public hearings with proper legal notice thereof.

These public hearings as required by the law, were for the purpose of giving the people full knowledge of the proposed zoning plan, and a year later of a proposed amendment thereof, in order that they might be able to intelligently vote thereon when a compact text describing it was· placed upon the ballot, "We could not say," in the words of Justice Holmes, "that they (the general assembly) overrated the intelligence of their fellow citizens. There was no evidence that the voters were deceived. But it is enough that the statute was followed." Gray v. Taylor, 227 U. S. 51, 58. Whatever mistakes the record discloses in the present case, they were not made by the voters themselves but their servants on the public payrolls.

The text on the ballot describing the issue submitted **correctly** (emphasis ours) shows that the parcel of ground sought to be transferred was located in Perry Township along the east side of the Columbus-Marysville Road between McCoy and Lane Roads (less than 2400 feet) and being 1.03 acres owned by Irvin Hommon, but inaptly refers to the parcel of ground as Lot No. 1 owned by Irvin Hommon. The Court feels that the correct showing of the location, size and ownership of the parcel of ground were far more important to the voter than any lot number in a partition suit which most voters had never heard of.

"The ballots prepared and used in the election must," be in proper form, "so that the voter may have at hand some means for making up his mind whether to vote to approve or to disapprove the measure."—59 C. J. Statutes, Sec. 2883, Ballot title, p. 711;

"Technical errors on the part of the officer charged with the preparation of official ballots will not destroy the efficacy of the ballots nor invalidate the election * * * unless it appears that the mistakes in fact have operated to prevent a free, fair and honest election, * * *."

29 C. J. S. Elections, Sec. 173, p. 248;

"Where there is an absence of fraud, a substantial compliance with the statute, and the voters are not misled, the will of the electorate should not be set aside * * *." "Every reasonable intendment must be in favor of the validity of an election, and against holding it void for uncertainty."

**Mehling v. Moorehead, per curiam, 133 Oh St 395, 403,** citing with approval, **State ex rel. Atty. General v. Cogswell, 8 Oh St 620, 628;**

and on p. 406 of the Mehling case, supra, the Supreme Court of Ohio further said:

"Strictly speaking, all provisions of election laws are manda-

544

tory in the sense that they impose the duty of obedience upon those who come within their purview, but irregularities, which were not caused by fraud and which have not interfered with a full and fair expression of the voters' choice, should not effect a disfranchisement of the voters."

This Court is of the opinion that §4785-103, GC, supra, has been substantially complied with since the text on the ballot describing the issue submitted to the voters, correctly stated the location, size and ownership of the parcel of ground sought to be transferred to a general commercial district; and that the validity of the election on such amendment, was not affected by the faulty description in the text on the ballot, referring to the parcel as "Lot No. 1", since there was no proof that the voters of Perry Township were misled thereby. The Court must not "strain at a gnat and swallow a camel" in the construction of statutes governing elections of this nature.

It is true that the defendant asserts that he relied upon the records and maps of the County Zoning Commission showing this tract of real estate was zoned for general commercial use, and would not have purchased this land if said records and maps had shown otherwise. On the other hand, the evidence is clear that the defendant was fully informed of all the facts in this case, before he purchased the premises in question; and the Executive Secretary of the Franklin County Rural Zoning Commission advised him that "due to the wrong description of the property voted on, there has been a question as to the proper zoning of this property "

The defendant was on notice as to results of the election, and could acquire no vested rights in the purchase of this property, that might justly estop others in the community, from insisting that this law take its course, even though in conflict with the pecuniary interests of the defendant.

There has been some evidence that administrative officials treated this election as void because of a faulty description of the property on the ballot. It is not within the province of such officials to declare laws unconstitutional or elections void. There were available legal methods, by which the legality of this election might have been determined before the defendant invested his money in this property. He took a chance, knowing the hazards.

In view of the conclusions to which we have come, it is not necessary for us to pass upon the other issues stated in this case. Entry accordingly with exceptions by counsel for defendant.