**SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND,**
Appellant, v. BOWERS, Tax Commissioners, Appellee.

The Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 35243.   Decided October 30, 1957.

Lawrence & Bates, Cleveland, for appellant.

William Saxbe, Atty. Genl., By John M. Tobin, Asst., Columbus, for appellee.

## OPINION

This cause and matter came on to be considered by the board of tax apeals upon a notice of appeal filed herein under date of September 18, 1957, by the appellant above named from a final order of the tax commissioner dated August 20, 1957, in and by which final order the commissioner denied appellant's application for review and redetermination of a tax assessment made against it as a financial institution for the year 1957.

The final order of the tax commissioner reads as follows:

"This proceeding, being the application of the Second Federal Savings and Loan Association of Cleveland, Cleveland, Ohio, for review and redetermination of a tax assessment made against it as a financial institution for the year 1957, after being duly heard, came on to be considered

"In making its return for the year 1957, the applicant listed no tax-

able value for 'Book Value of Shares or Capital Employed as of December 31, 1956,' and noted therein that 'Obligations of U. S. Government and Federal Instrumentalities exceed Book Value of Shares or Capital Employed.' Upon audit, acting pursuant to the provisions of §§5725.04 and 5725.05 R. C., the Department determined the 'ownership interests of the depositors' to be the total book value of applicant's capital employed as of December 31, 1956. The applicant filed its application for review and redetermination as provided in §5711.31 R. C., contending that the provisions of law under which ownership interests of depositors were assessed for purposes of taxation are invalid and unconstitutional.

"Being fully advised in the premises, the tax commissioner finds that as an administrative official he is without authority to pass on the question of the constitutionality of the statutes here involved, such being the province of the courts alone. **Cincinnati, W & Z. R. Co. v. Clinton County, 1 Oh St 77; State, ex rel. Davis v. Hildebrant, 94 Oh St 154, 114 N. E., 55.** Furthermore, the tax commissioner finds that as an administrative official, he must proceed in accordance with the terms and provisions of the statutes with which he is concerned with the assumption of their constitutionality. **East Ohio Gas Co. v. Public Utilities Comm., 137 Oh St 225, 18 O. O. 10, 28 N. E. (2d), 599; Argo v. Kaiser, 66 Abs 538, 118 N. E. (2d), 162.** Accordingly, the tax commissioner finds the assessment here under review to be proper and correct.

"Finding no error in the assessment as heretofore made, it is the order of the tax commissioner that such assessment be, and the same hereby is, affirmed."

The appellant says that the final order of the tax commissioner is erroneous in the following respects:

"1. The obligations of the United States Government and Federal Instrumentalities exceed the book value of the capital employed, and hence no valid tax in any amount could be assessed.

"2. An invalid property tax was levied on the appellant's capital indirectly on the pretended 'ownership interests' of the depositors without excluding federal securities.

"3. These federal securities so assessed are immune from state taxation.

"4. If the depositors, in fact, had any real 'ownership interests,' which appellant disputes, the assessment under review is invalid and void because such 'ownership interests' were entirely represented by federal obligations and the same could not be withdrawn and had no taxable value.

"5. All provisions of law, including §§5701.06, 5707.03, 5709.02, 5725.04, 5725.07, 5725.08, 5725.22, 5725.24, 5719.09 and 5719.10 R. C., under which so-called 'ownership interest' of depositors were assessed for purposes of taxation are invalid and unconstitutional."

The cause was submitted to the board of tax appeals on the notice of appeal and the transcript furnished by the tax commissioner. The parties, through their counsel, have stipulated that no additional evidence is to be offered and that the Board should decide the case on the documents now before it.

The appellant has no capital stock and is a "financial institution" within the definitions set out in §5725.01 R. C. Within the time prescribed by law it caused to be filed with the tax commissioner the "Financial Return of taxable property for 1957" wherein it computed and paid $96,422.92 as tax on its deposits as of November 21, 1956. As to this tax, there is no dispute.

Upon audit of the tax return, the tax commissioner made an additional assessment against the appellant on the basis of the "ownership interests of the depositors" of the appellant financial institution as of December 31, 1956, amounting to $3,946,000.00, against which sum he proceeded to levy the 2 mill tax ($7,892.00) provided by §5707.03 R. C., and the 3 mill tax ($11,838.00) provided by Amended House Bill No. 945 adopted by the 101st Ohio General Assembly, effective for the period July 6, 1956, to September 1, 1959. The total tax of $19,730.00 levied and assessed against the "ownership interests of the depositors" is the only matter in issue in this appeal.

It is noted that the appellant makes no claim that the assessment made by the tax commissioner is contrary to Ohio law. Its contention is that the law which first sets up "ownership interests of the depositors" in financial institutions without shares of stock and then proceeds to tax said intangible interests, is void and unconstitutional in so far as the computation does not exclude obligations of the United States Government and Federal instrumentalities owned by the financial institution.

If the appellant's contention is correct, then the statutes providing for the assessment of the complained of tax is unconstitutional, as applied to appellant's 1957 tax return.

Appellant's total resources, as of December 31, 1956, amounted to $64,313,371.89, including obligations of the United States and Federal Instrumentalities in the amount of $7,810,748.10. Its reserve fund and undivided profits (capital) as of this same date was $3,945,999.96. If the Federal Securities were deleted from the computation of appellant's resources the reserve fund and undivided profit account (capital) would be a negative figure and therefore, there would no capital available to tax.

This constitutional question is interesting. However, the Board of Tax Appeals has no jurisdiction or authority to declare an Act of the legislature to be unconstitutional. The Board of Tax Appeals, being a quasi-judicial body, must and does consider all sections of the Revised Code to be constitutional enactments. In this connection see **National Distillers Products Corporation v. Glander, 49 Abs 330, 337**; Hillsborough Twp. v. Cromwell, 326 U. S., 620, 625; 90 L. Ed., 358, 364; Schwartz v. Essex County Board of Taxation, 120 N. J. L. 129, 132, affirmed 130 N. J. L., 177. In the case last above cited it was said:

"It is undisputable that the determination of the constitutionality of an act of the legislature rests with a judicial body; not with a quasi-judicial body such as the State Board of Tax Appeals. The final responsibility to pass upon the constitutionality of a given piece of legislation rests in the courts and it is the duty of the various state agencies

**12**

and administrative bodies to accept a legislative act as constitutional until such time as it has been declared to be unconstitutional by a qualified body."

Upon consideration of the matter as thus presented to it, the board of tax appeals finds that the tax commissioner committed no error in his final order inasmuch as he was proceeding under the assumption that the assessment statutes in question were constitutional. The final order of the tax commissioner is, therefore, affirmed.