IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1906.

---

CENTRAL RAILROAD COMPANY OF NEW JERSEY v. STATE
BOARD OF ASSESSORS, THE BOARD OF EQUALIZA-
TION OF TAXES OF NEW JERSEY ET AL.

Argued June Term, 1906,—Decided November 12, 1906.

1. The supplement of 1905 to the revision of the act for the taxa-
   tion of railroad and canal property (*Pamph. L.* 1905, *ch.* 91)
   does not violate the provision of the constitution of the state
   which requires property to be assessed for taxes under general
   laws, by uniform rules and according to its true value; nor does
   it violate the fourteenth amendment of the federal constitution by
   denying to the parties affected by it the equal protection of the
   laws.
2. The fact that all of the property in a taxing district is assessed
   for taxes below its true value, except that owned by railroad or
   canal companies, will not justify the board of equalization of
   taxes in reducing the assessment of railroad and canal property
   below its true value.
3. The sixth section of the act creating the board of equalization of
   taxes (*Pamph. L.* 1905, *p.* 26) confers upon that body power to
   compel the reassessment of the whole property of a taxing district
   when it is shown that all of such property has been assessed for
   taxation at substantially less than its true value.

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, sitting alone, by consent of parties.

For the prosecutor, *George Holmes* and *William H. Corbin.*

For the State Board of Assessors and the Board of Equalization of Taxes of New Jersey, *Robert H. McCarter,* attorney-general, and *Edward D. Duffield,* assistant attorney-general.

For the city of Newark, *Malcolm MacLear.*

GUMMERE, CHIEF JUSTICE. This writ brings up for review an assessment for taxes in the year 1905 made by the State Board of Assessors against certain property of the prosecutor, located in the city of Newark, and also the judgment, order and proceedings made thereon by the Board of Equalization of Taxes of New Jersey, on an appeal taken by the said prosecutor from that assessment.

As all the parties to the litigation are desirous of having the cause speedily determined, in order that a review of my decision may be had at the term of the Court of Errors and Appeals which opens next week, I shall merely state the conclusions which I have reached, without elaborating the reasons which have led me to them.

The first reason assigned by the prosecutor is directed at the tax itself, and the contention made is that the supplement of 1905 to the revision of the act for the taxation of railroad and canal property (*Pamph. L.* 1905, *ch.* 91) violates the constitution of the state, for the following reasons—*first,* because it is not a general, but a special law; *second,* because it does not provide for the taxation of property in the several taxing districts by a uniform rule. It is further argued that by reason of the fact that it sets out divers rules for the taxation of property in the same taxing district, it denies to the prosecutor the equal protection of the laws,

contrary to the fourteenth amendment of the constitution of the United States.

The validity of the original act for the taxation of railroad and canal property was attacked in the case of the *Central Railroad Co.* v. *State Board of Assessors,* 19 *Vroom* 146, upon the same grounds which are relied upon by the prosecutor to defeat the supplement now under consideration, and was upheld by the Court of Errors and Appeals, the conclusion of the court being that the law violated neither of the constitutional provisions which have been adverted to. In my judgment, the supplement of 1905 has not so changed the original law as to make the decision referred to inapplicable to it. Following that decision, I therefore hold that the supplement does not infringe either of the constitutional provisions appealed to by the prosecutor.

The other grounds of attack are directed against the judgment rendered by the Board of Equalization of Taxes of New Jersey on the appeal of the prosecutor. The petition of appeal sets forth that the State Board of Assessors had valued and assessed property of the prosecutor, located in the city of Newark, and commonly designated as second-class railroad property, at an amount greater than its true value, and that the rest of the property located in that taxing district had been valued and assessed at less than its true value. The prosecutor, upon this representation of fact, prayed that it might be relieved from the unjust burden placed upon it by reducing the value of its property to its true value, and by increasing the valuation of the property in the rest of the taxing district to its true value. A hearing was had before the Board of Equalization of Taxes, in the presence of counsel for the prosecutor and of the attorney-general, representing the State Board of Assessors, and of Mr. MacLear, representing the taxing district of the city of Newark, and after a certain amount of testimony had been produced on the part of the prosecutor, and also on the part of the taxing district, the counsel for the prosecutor and the attorney-general entered into a stipulation for the purposes of the case: "That the following are the facts touching the appeal in this matter:

1. That the State Board of Assessors assessed the second-class railroad property described in the petition in the taxing district of the city of Newark for the year 1905 at not less than its true value. 2. That in making the assessment for 1905 of all property in said taxing district locally assessed the assessors of said taxing district assessed the same at a rate substantially less than its true value." Counsel for the taxing district of the city of Newark did not join in this stipulation. At the close of the hearing application was made by the prosecutor either to reduce the assessment laid against its property in the city of Newark to such proportion of its true value as other property in the same taxing district had been assessed at, or else to take such steps as were necessary to cause the assessment upon property locally assessed by the assessors of the taxing district to be raised to its true value. The judgment rendered by the Board of Equalization of Taxes, after reciting that upon the state of facts referred to "the board has no power or duty to reduce the assessment or taxes of complainant, or otherwise to make an equalization of assessments or taxes between the property of the complainant and the other property in said taxing district," ordered and adjudged "that the said appeal be, and the same is, hereby dismissed and the petition contained therein is denied." The soundness of the conclusion reached by the Board of Equalization of Taxes that it lacked the power to reduce the assessment made against the property of the prosecutor below the true value thereof, it seems to me, is beyond dispute. The constitutional provision with relation to taxation requires that "property shall be assessed for taxes   *   *   *   according to its true value." *Const., art.* 4, § 7, ¶ 12. A reduction of the assessment to an amount less than the true value of the property would have been a direct violation of this constitutional provision.

The conclusion of the Board of Equalization of Taxes, however, that it had no power to make an equalization of assessments between the property of the complainant and the other property in the taxing district seems to me to be erroneous. The principal purpose of the act which creates this board is

to produce equality in taxation. The sixth section of that
act declares that "when the state board has reason to believe,
from information or otherwise, that any property, including
the property of railroad and canal companies, has been as-
sessed at a rate lower than is consistent with the purpose of
securing uniform and true valuation of property for the pur-
pose of taxation, the state board shall have power to increase
the assessment made upon such property, and for this pur-
pose, if necessary, may direct an assessor or other taxing
officer to make a reassessment of such property according to
the rules which the said board shall establish, and if such
assessor or other taxing officer shall fail or refuse to comply
with the order so given the board shall have power to appoint
some other person to make the new assessment under the
direction of the board, and the assessment so made and
affirmed by the board shall be, and be deemed to be, the assess-
ment of such property for the year." *Pamph. L.* 1905, *p.*
126. The power conferred by this section, in my judgment,
is sufficiently broad to enable the Board of Equalization of
Taxes to compel the reassessment of the whole property of a
taxing district when it is shown that all of such property has
been assessed for taxation at substantially less than its true
value.

But, although I reach this conclusion as to the power of
the board to direct a reassessment of a whole taxing district,
I nevertheless consider that the refusal of the Board of Equal-
ization of Taxes to exercise this power under the facts sub-
mitted to it was proper. The stipulated fact that the taxable
property in the city of Newark, other than that which be-
longed to the prosecutor, was assessed substantially below its
true value, was not shown by evidence submitted to the board,
so far as the return to this writ discloses, but rested solely
upon the stipulation entered into by the attorney-general, on
the one side, and counsel for the prosecutor, on the other, and
to which the city of Newark was not a party. To justify the
Board of Taxation in so radical an action as the reassessment
of the whole of the property of a city like Newark, thereby
imposing upon the municipality a vast amount of labor and

a great expenditure of money, the proof should have been plenary that the situation described in the stipulation existed, and no stipulation of counsel, to which the taxing district was not a party, could properly have been accepted by the board as a justification for such radical action on their part.

For these reasons, I conclude that the refusal of the prosecutor's application and the dismissal of its appeal was proper. The tax and judgment under review are affirmed.