ANNA STAUBACH, APPELLANT, v. CITIES SERVICE OIL COMPANY, RESPONDENT.

Argued February 4, 1943—Decided April 29, 1943.

For the appellant, *Joseph Butt* (*Julius Kwalick* and *Stanley W. Greenfield,* of counsel).

For the respondent, *John W. Taylor.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This a workmen's compensation cause and the appeal is from a judgment of the Supreme Court dismissing an order to show cause why a writ of *certiorari* should not issue.

In passing upon the question before us, it is not necessary to detail the facts except as the procedure is disclosed by the record.

The cause was heard in the Bureau May 13th, 1940, disposed of there May 24th, 1940, by a determination dismissing the petition. Thereafter, on September 26th, 1940, the petitioner, appellant here, instituted an action for negligence in the Court of Common Pleas of Union County. The complaint was struck out and upon appeal such action was affirmed by the Supreme Court, *Staubach* v. *Cities Service Oil Co.,* 126 *N. J. L.* 479, the opinion of that court being delivered May 13th, 1941. On November 1st, 1941, an application for a writ of *certiorari* was made to and a rule to show cause why such writ should not issue was allowed by Mr. Justice

Case. The rule to show cause was argued before the Supreme Court and that court on February 3d, 1942, decided that its writ should not issue and dismissed the rule to show cause; such judgment being entered March 11th, 1942.

This appeal therefrom was then taken, the notice and grounds of appeal being filed December 29th, 1942.

There was no appeal from the determination of the Bureau to the Common Pleas as provided by statute (*R. S.* 34:15-66) and the time within which to do so has long gone by and had when the writ was applied for.

The Supreme Court has the inherent. right to review by *certiorari,* but its exercise thereof is purely discretionary. *Winegrath* v. *Fairview,* 77 *N. J. L.* 448; *Daniel B. Frazier* v. *Long Beach,* 110 *Id.* 221; *Post* v. *Anderson,* 111 *Id.* 303; *Ford Motor Co.* v. *Fernandez,* 114 *Id.* 202; *Wedgest* v. *Globe Porcelain Co.,* 125 *Id.* 438.

Such control, over this prerogative writ, exists and continues, but remains discretionary, even though an appeal, provided by statute, has not been taken.

A refusal by the Supreme Court to allow a writ of *certiorari* is not a subject for judicial review.

Therefore, this appeal is dismissed.

*For reversal*—HEHER, RAFFERTY, JJ. 2.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DEAR, WELLS, THOMPSON, JJ. 8.