## TOWNSHIP OF HILLSBOROUGH ET AL. *v.* CROMWELL.

No. 305.   Argued December 13, 14, 1945.—Decided January 28, 1946.

*Mr. Harry E. Walburg*, with whom *Mr. Samuel I. Kessler* was on the brief, for petitioners.

*Messrs. Charles E. Hughes, Jr.* and *Shelton Pitney*, with whom *Mr. William J. Brennan, Jr.* was on the brief, for respondent.

Mr. JUSTICE DOUGLAS delivered the opinion of the Court.

This action was brought by respondent under the Declaratory Judgment Act, Judicial Code, § 274 (d), 28 U. S. C. § 400, to have declared null and void certain assessments on intangible personal property entered for the years 1940 and 1941 by the Collector of Hillsborough Township, Somerset County, New Jersey.[1] The jurisdiction of the federal court in New Jersey was invoked by

---

[1] The assessments call for tax payments of nearly $7,000,000 for each year as compared with the Township's budget of something like $97,000 annually. Prior to these assessments the net assessed valuation for taxation of all property assessed, both real and personal, in the Township amounted to $3,117,863 for 1940 and $3,139,020 for 1941. The resulting tax rate was 3.12 per cent for 1940 and 3.10 per cent for 1941. The additional assessments against respondent apparently would have increased the valuation of the township tax ratables by $221,940,438 for each of the two tax years, though it would not have affected the tax rates for those years.

reason of diversity of citizenship and the allegation that the taxing authorities had consistently, systematically and intentionally singled out respondent for discriminatory treatment in the assessment of taxes for which she was without remedy under the laws and decisions of New Jersey. It was prayed that the assessments be declared invalid as in contravention of the due process and equal protection clauses of the Fourteenth Amendment and of the provisions of applicable New Jersey statutes to which we will later refer. The District Court denied a motion to dismiss and gave judgment for respondent. 56 F. Supp. 41. The Circuit Court of Appeals affirmed. 149 F. 2d 617. The case is here on a petition for a writ of certiorari which we granted because the asserted conflict of that decision with *Great Lakes Dredge & Dock Co.* v. *Huffman,* 319 U. S. 293, raised an important problem concerning the relationship between the federal courts and state taxing authorities.

Sec. 267 of the Judicial Code, 28 U. S. C. § 384, provides that suits in equity shall not be sustained in the federal courts "in any case where a plain, adequate, and complete remedy may be had at law." That principle has long been recognized as having "peculiar force" in cases where the federal courts were asked to enjoin the collection of a state tax. *Matthews* v. *Rodgers,* 284 U. S. 521, 525, and cases cited. "The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it." *Id.,* p. 525. Where the remedy at law is "plain, adequate, and complete," it is the one which must be pursued even for the protection of any federal right. That practice of the federal equity courts was given further recognition and sanc-

tion by Congress in the Johnson Act, 48 Stat. 775, as amended, 50 Stat. 738, § 24 (1) of the Judicial Code, 28 U. S. C. § 41 (1), which provides that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." It was against that background that we held in *Great Lakes Dredge & Dock Co.* v. *Huffman, supra,* that the policy which led federal courts of equity to refrain from enjoining the collection of allegedly unlawful state taxes should likewise govern the exercise of their discretion in withholding relief under the Declaratory Judgment Act.

The Circuit Court of Appeals fully recognized the principle of the *Huffman* case, but concluded that the state procedure was not "speedy, efficient or adequate" to protect the federal right against discriminatory state taxation. It is around that conclusion that the first phase of this controversy turns.

The equal protection clause of the Fourteenth Amendment protects the individual from state action which selects him out for discriminatory treatment by subjecting him to taxes not imposed on others of the same class. The right is the right to equal treatment. He may not complain if equality is achieved by increasing the same taxes of other members of the class to the level of his own. The constitutional requirement, however, is not satisfied if a State does not itself remove the discrimination, but imposes on him against whom the discrimination has been directed the burden of seeking an upward revision of the taxes of other members of the class. *Sioux City Bridge Co.* v. *Dakota County,* 260 U. S. 441, 445–447; *Iowa-Des Moines National Bank* v. *Bennett,* 284 U. S. 239, 247; *Cumberland Coal Co.* v. *Board of Revision,* 284 U. S. 23,

28–29. The courts of New Jersey in a long line of decisions [2] have held that a taxpayer who has been singled out for discriminatory taxation may not obtain equalization by reduction of his own assessment. His remedy is restricted to proceedings against other members of his class for the purpose of having their taxes increased. The rule was stated in *Royal Mfg. Co.* v. *Board of Equalization,* 76 N. J. L. 402, 70 A. 978, aff'd 78 N. J. L. 337, 74 A. 525, as follows: ". . . the county boards are required to secure taxation of all property at its true value; so that the fact that the property of A is assessed at its true value and the property of other taxpayers within the same district is assessed below its true value, affords A no ground for demanding a reduction of his valuation, though it does entitle him to apply for an increase in the valuation of the others." 76 N. J. L. pp. 404–405. On the basis of that rule it is plain that the state remedy is not adequate to protect respondent's rights under the federal Constitution.

It is argued, however, that in 1933 the New Jersey courts adopted a different rule when *Central R. Co.* v. *State Tax Dept.* (*Thayer-Martin*), 112 N. J. L. 5, 169 A. 489, was decided by the Court of Errors and Appeals. In that case the court did entertain an objection that the particular tax assessment violated the rule of *Sioux City Bridge Co.* v. *Dakota County, supra.* It found that the complaining taxpayer had not shown that a discrimination within the meaning of our cases existed. So it is argued that as the highest court in New Jersey recognized the federal rule, the federal District Court should have remitted respondent to her remedy in the New Jersey

---

[2] *State* v. *Randolph,* 25 N. J. L. 427, 431; *State* v. *Taylor,* 35 N. J. L. 184, 189; *State* v. *Koster,* 38 N. J. L. 308; *State* v. *Segoine,* 53 N. J. L. 339, 340, 21 A. 852, aff'd 54 N. J. L. 212, 25 A. 963; *Central R. Co.* v. *State Board,* 74 N. J. L. 1, 65 A. 244; *Royal Mfg. Co.* v. *Board of Equalization,* 76 N. J. L. 402, 78 N. J. L. 337; *Pennsylvania Coal Co.* v. *Saddle River,* 96 N. J. L. 40, 43, 114 A. 157.

courts. There is, however, a two-fold difficulty with that position.

In the first place, the same judge who wrote the opinion for the Court of Errors and Appeals in the *Thayer-Martin* case wrote the opinion for the Supreme Court of New Jersey a year later in *Lehigh Valley R. Co.* v. *State Board,* 12 N. J. Misc. 673, 174 A. 359. The taxpayer contended that the state board of tax appeals erred in refusing to admit evidence of discrimination. The argument was that the rule of *Sioux City Bridge Co.* v. *Dakota County, supra,* should be followed and the holding of *Royal Mfg. Co.* v. *Board of Equalization, supra,* should be disapproved. The Supreme Court of New Jersey declined to allow a writ of certiorari to review the judgments of the state board of tax appeals. It did not mention the *Thayer-Martin* case, but followed *Royal Mfg. Co.* v. *Board of Equalization, supra,* saying that the New Jersey law on the point was "settled and controlling." 12 N. J. Misc. p. 675. It, therefore, may well be true, as respondent says, that the court in the *Thayer-Martin* case simply decided that the point raised by the taxpayer was not supported by facts and found it unnecessary to consider whether, if systematic discrimination had been shown, New Jersey would have afforded an adequate remedy. In any event, there is such uncertainty concerning the New Jersey remedy as to make it speculative (*Wallace* v. *Hines,* 253 U. S. 66, 68) whether the State affords full protection to the federal rights. In the second place, the state board of tax appeals to which respondent might have appealed concededly has no right to pass on constitutional questions.[3] Its judgments may be reviewed by the New Jersey Supreme Court by certiorari. The allowance of that writ, however, is not a matter

---

[3] *Duke Power Co.* v. *Hillsborough Township,* 20 N. J. Misc. 240, 243, 26 A. 2d 713 (reversed on another point, 129 N. J. L. 449, 30 A. 2d 416); *Schwartz* v. *Essex County Board,* 129 N. J. L. 129, 132, 28 A. 2d 482, aff'd 130 N. J. L. 177, 32 A. 2d 354.

of right, but purely discretionary.[4]  And the refusal of a writ of certiorari by the Supreme Court may not be judicially reviewed by the Court of Errors and Appeals.[5]  Accordingly we conclude that there was such uncertainty surrounding the adequacy of the state remedy as to justify the District Court in retaining jurisdiction of the cause. While the charges of discrimination in the complaint were denied, the jurisdiction of the District Court is determined by the allegations of the bill (*Hart* v. *B. F. Keith Vaudeville Exchange,* 262 U. S. 271) which here were substantial.

This brings us to the second phase of the controversy. Neither the District Court nor the Circuit Court of Appeals decided the case on federal grounds.  They held in reliance on *Duke Power Co.* v. *State Board,* 129 N. J. L. 449, 30 A. 2d 416, 131 N. J. L. 275, 36 A. 2d 201, that the assessments were invalid under the New Jersey statutes. In that case, as in the present one, property "omitted in the assessment" was attempted to be assessed by the County Board against the taxpayer after April 1st of each of the tax years involved without notice and hearing.[6]

---

[4] *Staubach* v. *Cities Service Oil Co.,* 130 N. J. L. 157, 31 A. 2d 804.

[5] *Post* v. *Anderson,* 111 N. J. L. 303, 168 A. 622; *Staubach* v. *Cities Service Oil Co., supra* note 4.

[6] N. J. Rev. Stat. § 54 : 3–20 provides in part, "On the written complaint of the collector, or any taxpayer of the taxing district or of the governing body thereof, that property specified has been omitted in the assessment, the county board, on five days' notice in writing to the owner by the party complaining, and after due examination and hearing, may enter the omitted property on the duplicate by judgment rendered within ten days after the hearing, a transcript whereof shall be furnished by the board to the collector, who shall amend his duplicate accordingly."

A different procedure is provided by § 54 : 3–20 for inclusion of property "omitted by the assessor."  For a discussion of the difference between the two types of assessments see *Duke Power Co.* v. *State Board, supra,* 129 N. J. L. pp. 452–455.  At p. 455, the court said:

"If property in a taxing district is omitted by the assessor it must be added to the assessment before April 1st.  Its addition decreases

The assessment was set aside as not being in conformity with the statute. And it was held that the remedial statutes,[7] designed to cure irregularities in assessing or levying taxes, "do not apply where the statute for the addition of property omitted from the assessment is not complied with." 129 N. J. L. p. 457.

Petitioner argues that it is clear from *Duke Power Co.* v. *State Board, supra,* that respondent had a remedy in the state tribunals for failure of petitioner to follow the procedure required by the New Jersey statutes and that the federal court should have required her to pursue it.

the amount of taxes to be raised since the ratables are thereby increased. The taxpayer is not embarrassed. He knows he will have a tax to pay and is liable anyway even if the property was not included in the assessment. However, if property is added to the assessment after the rate has been fixed it gives rise to a municipal windfall. There is no harm in this if there were due notice and a fair hearing by the County Board and a judicial determination by it."

[7] Sec. 54 : 4–58 provides:

"No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid."

Sec. 54 : 4–59 provides:

"The court in which any action, suit or proceeding is or shall be pending to review any such tax, assessment or water rate shall amend all irregularities, errors or defects, and may if necessary ascertain and determine the sum for which the person or property was legally liable and by order or decree fix the amount thereof. The sum so fixed shall be the amount of tax, assessment or water rate for which the person or property shall be liable."

The court in *Duke Power Co.* v. *State Board, supra,* 129 N. J. L. p. 457, stated that "the remedial statutes we do not find to have been a substitute for proper assessment. Their application has been only in instances where property has been omitted by the assessor or has been assessed in the name of one other than the true owner."

We have held that where a federal constitutional question turns on the interpretation of local law and the local law is in doubt, the proper procedure is for the federal court to hold the case until a definite determination of the local law can be made by the state courts. *Railroad Commission* v. *Pullman Co.*, 312 U. S. 496; *Chicago* v. *Fieldcrest Dairies*, 316 U. S. 168; *Spector Motor Co.* v. *McLaughlin*, 323 U. S. 101. The latter case involved a suit in which the constitutionality of a Connecticut tax was challenged. There was uncertainty concerning the meaning of the local law. Under one construction the constitutional issues would fall; and in any event a decision by the state courts would cause the constitutional issues to be formulated in an authoritative rather than a speculative way. But it was clear that there was available a state remedy to which the complainant could resort on the remand of the cause. In the present case it appears that respondent's opportunity to appeal to the State Board of Tax Appeals[8] had expired even before the District Court ruled on the motion to dismiss.[9] And it is not clear that today respondent has open any adequate remedy in the New Jersey courts for challenging the assessments on local law grounds.[10] Moreover, *Duke Power Co.* v. *State Board, supra,* decided shortly

---

[8] Ninety days are allowed. State Board of Tax Appeals, Rule V (c), CCH. Corp. Tax Serv. par. 89–505. The resolutions of the County Board attempting to make the assessments were entered June 26, 1941.

[9] The present bill was filed in July, 1941, the answer in September, 1941, and the motion to dismiss in November, 1941. The order denying the motion to dismiss was made in August, 1942.

[10] It seems that under certain circumstances certiorari to the Supreme Court may be had in lieu of an appeal to the State Board of Tax Appeals. It was held in *Schwartz* v. *Essex County Board, supra* note 3, that lack of jurisdiction of the county board or irregularity in its proceedings may be tested by certiorari. 130 N. J. L. p. 178. And see *State* v. *Clothier*, 30 N. J. L. 351. But as we have seen, note 4 *supra*, it is a discretionary writ.

before the District Court rendered judgment,[11] gave an authoritative interpretation of the local law. Hence, the reason for holding the case in *Spector Motor Co.* v. *McLaughlin, supra,* and remitting the complainant to the state courts for determination of the local law question no longer was existent here.

It follows *a fortiori* that the bill should not have been dismissed. As stated in *Greene* v. *Louisville & I. R. Co.,* 244 U. S. 499, 520, "A remedy at law cannot be considered adequate, so as to prevent equitable relief, unless it covers the entire case made by the bill in equity." Though the availability of a state remedy on the local law question be assumed to exist, so much uncertainty surrounds the New Jersey remedy to protect the taxpayer's federal right that a refusal to dismiss the bill was a proper exercise of discretion. Thus, however the case may be viewed, the exceptional circumstances which we have noted take it out of the general rule of *Great Lakes Dredge & Dock Co.* v. *Huffman, supra.* The District Court, therefore, properly proceeded to decide the case on the merits. That it placed its decision on local law grounds is not objectionable. For it is well settled that where the federal court has jurisdiction, it may pass on the whole case and agreeably with the desired practice decide it on local law questions, without reaching the constitutional issues. *Siler* v. *Louisville & N. R. Co.,* 213 U. S. 175, 191, 193; *Greene* v. *Louisville & I. R. Co., supra,* p. 508; *Chicago G. W. R. Co.* v. *Kendall,* 266 U. S. 94, 97–98; *Risty* v. *Chicago, R. I. & P. R. Co.,* 270 U. S. 378, 387; *Waggoner Estate* v. *Wichita County,* 273 U. S. 113, 116; *Hurn* v. *Oursler,* 289 U. S. 238, 243–248.

Petitioner makes an extended argument to the effect that *Duke Power Co.* v. *State Board, supra,* is not a con-

---

[11] That case was decided by the Court of Errors and Appeals on March 9, 1944. The present case was decided by the District Court on July 14, 1944.

trolling precedent on the local law question on which the decision below turned. On such questions we pay great deference to the views of the judges of those courts "who are familiar with the intricacies and trends of local law and practice." *Huddleston* v. *Dwyer,* 322 U. S. 232, 237. We are unable to say that the District Court and the Circuit Court of Appeals erred in applying to this case the rule of *Duke Power Co.* v. *State Board,* which involved closely analogous facts.

*Affirmed.*

MR. JUSTICE MURPHY and MR. JUSTICE JACKSON took no part in the consideration or decision of this case.