7 N.J. Super. 184 (1950)
72 A.2d 527
D.A. SCHULTE, INC. (BLOCK 1866, LOT C-1), PLAINTIFF-APPELLANT,
v.
CITY OF JERSEY CITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 17, 1950.
*185 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Raymond Chasan argued the cause for appellant.
Mr. Frank P. McCarthy argued the cause for respondent (Mr. John B. Graf, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Plaintiff appeals from two judgments of the Division of Tax Appeals which fix, for the years 1946 and 1947, an assessment of $747,800 on premises known as Block 1866, Lot C-1, No. 1-7 Journal Square, Jersey City.
The property is located on Journal Square Plaza at the intersection of the Plaza and the Concourse leading to the Journal Square station of the Hudson & Manhattan Railroad Company. The Concourse is a passageway for the use of pedestrians. It is conceded that the premises have an added value by reason of the influence of this unique corner. The *186 improvement is a one-story and cellar structure containing stores. The plaintiff is the lessee of the entire plot from the Brisbane Estate under a lease calling for the payment of $60,000 per year, with the lessee assuming the payment of all taxes.
The contention is that the Division of Tax Appeals erred in fixing the assessment at $747,800 for the years 1946 and 1947, and that the assessment for each year should be reduced to $614,675 for two reasons: (1) Because the Division of Tax Appeals should have found the true value of the property to be $614,675, and (2) because the judgments, as entered, subject plaintiff to discrimination and taxes not imposed upon others of the same class, contrary to the Fourteenth Amendment of the Constitution of the United States.
The defendant's expert valued the property for both years at $1,130,000. His land valuation of $1,100,000 was based upon a valuation of $6,500 a unit foot, plus 50% for Concourse influence, plus 10% for plottage. The plaintiff's expert valued the property at $617,030. His land valuation of $588,530 was based upon a valuation of $5,000 a unit foot. In his opinion the Concourse influence affected only a part of the frontage of the lot, and to this part he added 25% for Concourse influence. In addition, each expert used the capitalization approach to support his valuation. Since the plaintiff argues that the valuation testified to by its expert should have been accepted by the Division of Tax Appeals as the true value, we assume that he seeks a reduction to $617,030 instead of $614,675, as claimed. The Division of Tax Appeals in fixing the total valuation of $747,800 affirmed the land valuation of $719,300 fixed by the County Board, but reduced the improvement valuation from $32,300 to $28,500.
While this Court has power, under Rule 3:81-13, to review the facts and make independent findings thereon, when the interests of justice so require, we find no need here for the exercise of this power. There is competent evidence to support the factual finding below, and we think it should not be disturbed.
*187 As to the claim of discrimination, there is nothing in the record to support any argument on this ground. While there is a stipulation setting forth the final assessments for 1946 on three adjoining plots, and also setting forth that the land assesments in these three cases are based upon a lower unit front foot value than that applied in 1946 and 1947 to the plaintiff's property, there is nothing to indicate relative values, let alone an intentional and systematic undervaluation of other taxable property in the same class. Cf. Hillsborough Township v. Cromwell, 326 U.S. 620, 90 L.Ed. 358 (1946); Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 67 L.Ed. 340 (1923).
The judgments are affirmed.