**J. Elroy McCAW and John D. Keating, Appellants,**

**v.**

**Earl W. FASE, The Tax Commissioner of the Territory of Hawaii, Appellee.**

**No. 12900.**

United States Court of Appeals, Ninth Circuit.

Oct. 30, 1954.

Writ of Certiorari Denied Jan. 31, 1955.

See 75 S.Ct. 339.

David N. Ingman, Honolulu, Hawaii, Kenneth Davis, Seattle, Wash., for appellants.

Edward N. Sylva, Atty. Gen., Territory of Hawaii, Rhoda V. Lewis, Deputy Atty. Gen., Territory of Hawaii, for appellee.

Before DENMAN and ORR, Circuit Judges, and YANKWICH, District Judge.

YANKWICH, District Judge.

On November 15, 1950, the appellants J. Elroy McCaw and John D. Keating began an action in the United States District Court for the Territory of Hawaii, against Torkel Westly, the then Tax Commissioner of the Territory of Hawaii. McCaw is a citizen and resident of the State of Washington. Keating is a citizen and resident of the State of Oregon. Since the commencement of the action, Earl W. Fase has succeeded Westly as Tax Commissioner.

In their complaint, the appellants attacked the validity and sought to enjoin

the enforcement of a tax law, § 5455(d) of Chapter 101 of the Revised Laws of Hawaii, 1945. The challenge was based upon the ground that the law was unconstitutional as applied to the appellants, who are operating a radio station, KPOA, under a temporary license issued by the Federal Communications Commission, in that the tax on the gross receipts of the station was unconstitutional as a burden on commerce and an attempt to regulate and control an instrumentality of interstate commerce. Jurisdiction was invoked under 28 U.S.C. §§ 1331, 1332 and 1337. Declaration of rights was also sought under 28 U.S.C. § 2201.

The appellee filed a motion to dismiss and a motion for summary judgment. These were heard together with the appellants' motion for a temporary injunction. On February 5, 1951, the Court entered its order dismissing the action without prejudice. In part it read:

"The Court having laid aside the various motions of the parties and raised on its own the question of whether or not it had jurisdiction and if so, should it as a matter of judicial discretion exercise the same, and

"The parties respectively having addressed themselves by way of argument to the questions raised by the Court, and

"The Court being fully advised, for the reasons stated in its oral ruling dated January 24, 1951, it holds that although it has jurisdiction, in the exercise of sound judicial discretion it should not use such jurisdiction here, and accordingly."

In the oral ruling dated January 24, 1951, to which reference was made, the court stated, in effect, that while he had jurisdiction, he should not exercise it by reason of comity to the territorial courts:

"Basically the problem is this: Having jurisdiction, should this Court in its judicial discretion exercise it? I believe not, and for the following reasons: There is an excellent, longstanding adhered to policy, recently amplified by the Johnson Act, which in effect says that contested tax statutes should be litigated in the courts of the sovereign which enacted the statute. In this case a state statute is involved, Territorial statute to be more exact. But the policy is that Federal courts will keep hands off of those situations and allow the state or Territorial courts to examine the validity or invalidity of their tax statutes. And this is but an expression of the interrelationship of two sovereigns under our Federal system of government. And it is a wise and sound policy as exemplified by the various cases with which you are all familiar, as well as myself. In other words, the Congress and the courts themselves have recognized that the Federal Government in none of its branches should interfere with taxation programs of the state and that all litigations relating to the validity of state taxation should be conducted in the state courts, the judges of which are likewise bound by the Constitution and laws of the United States. * * * And so that whether the Johnson Act as such can be said to apply—and I think it does for I think the word 'state' there should be broadly interpreted—but regardless, the policy exists quite apart from the Johnson Act, and most certainly the judicial discretion exists quite apart from either the Johnson Act or the policy.

"And all things being considered I do not think that judicial discretion in this instance should be exercised in favor of retaining and exercising jurisdiction because, as I see it here, the presumption is that the Territorial remedy provided to an aggrieved taxpayer is plain, adequate, speedy, clear and complete both in point of law and in point of equity."

In dismissing the action the trial court had in mind the principle declared in such cases as Matthews v. Rodgers, 1932, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 300–301, 63 S.Ct. 1070, 87 L.Ed. 1407; Hillsborough Township v. Cromwell, 1946, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358, that suits to prevent the enforcement of a tax statute will not be entertained by the Federal courts when the statute has provided for payment under protest to be followed by an action in the State courts to recover the amount so paid.

This is an appeal from the judgment of dismissal. After the entry of this judgment, the appellants on March 21, 1951, paid the tax under protest. On May 3, 1951, they filed an action in the Circuit Court, First Judicial Circuit, pursuant to Section 1575 of the Revised Laws of Hawaii to recover the sum of $7,637.33 paid under protest. In the complaint they challenged the constitutionality of the statute upon the same grounds urged in the action from which this appeal is taken. Issue was joined by the Tax Commissioner. The case was tried without a jury. The territorial court, on January 28, 1953, made its finding holding the statute valid as applying only to the gross income of the business done by the appellants' radio station in the territory.

On a writ of error the judgment of the Circuit Court was affirmed by the Supreme Court for the Territory of Hawaii on June 8, 1953. McCaw v. Fase, 1954, 40 Haw. 121. An appeal was taken to this court on the same day. 28 U.S.C. § 1293.

In an opinion filed today, 9 Cir., 216 F.2d 700, the judgment of the Supreme Court of the Territory of Hawaii is affirmed and the contentions of unconstitutionality of the statute are rejected. So, whether the United States District Court in the present case was or was not justified in declining jurisdiction upon the grounds stated, or any other grounds, or whether the Johnson Act,

28 U.S.C. § 1341, does or does not apply to the Territory of Hawaii, is no longer a justiciable question,—for the entire appeal has become moot.

The appeal is therefore dismissed.