CHARLES B. BLEASBY, COUNTY TREASURER OF THE COUNTY OF BERGEN, PLAINTIFF, v. HAROLD J. JONES, COLLECTOR-TREASURER, AND THE BOARD OF COMMISSIONERS OF THE VILLAGE OF RIDGEFIELD PARK, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided October 9, 1959.

318

*Mr. Milton T. Lasher,* attorney for plaintiff.

*Mr. William R. Morrison,* of counsel, for the defendants (*Morrison, Lloyd & Griggs,* attorneys).

WAESCHE, J. S. C.   Plaintiff, Treasurer of Bergen County, on August 21, 1959, filed a complaint in lieu of *mandamus* to compel the defendants, the Tax Collector and Treasurer of the Village of Ridgefield Park, and the board of commis-

sioners of said village, to pay to the plaintiff, as such treas-
urer, the sum of $63,005.09. The plaintiff contends that
said sum became due and payable to him as Treasurer of
Bergen County on August 15, 1959, as the third installment
of the taxes levied for the year 1959 for county purposes
against the real and personal property lying within the said
municipality. The plaintiff contends that *R. S.* 54:4–74
requires the defendants to pay to the plaintiff the said
installment of taxes.

The defendants filed an answer in which they contend
that the taxes levied for county purposes for the year 1959
against the real and personal property lying within the said
village are unconstitutional, illegal and void. Their defense
rests upon the allegation that the assessed valuations of the
real and personal property in the various municipalities in
Bergen County have not been uniformly assessed and equal-
ized as required by the constitution, *Art.* VIII, § I, *par.* 1,
and, as a result thereof, the county taxes as apportioned
and levied against the said village are excessive, unconstitu-
tional and void.

The plaintiff brings this motion to strike paragraphs
2 and 3 of the defendants' answer, and to also strike the
separate affirmative defenses of the answer wherein it is
alleged that the said levy for county taxes is unconstitutional
and void. The plaintiff is, therefore, seeking a summary
judgment peremptorily ordering the defendants to pay to
the plaintiff, as Treasurer of Bergen County, the said sum
of $63,005.09 as the third installment of the taxes levied
for the year 1959 for county purposes against the property,
real and personal, lying within the said village. A per-
emptory writ of *mandamus* issues only when the right thereto
has been clearly established.

This suit is another phase of the litigation which
was instituted in this court on March 18, 1959 by the Village
of .Ridgefield Park and certain owners of property situated
in Ridgefield Park to determine the constitutionality and
legality of the taxes levied for the year 1959 for county

purposes against the real and personal property situated in said municipality. The complaint filed by said village and others is in lieu of *certiorari* and *mandamus*. *Certiorari* is the proper action for such a purpose, *State v. Court of Common Pleas of Mercer County,* 1 *N. J.* 14 (1948). The Bergen County Board of Taxation, the County of Bergen, the Treasurer of Bergen County (the plaintiff in this suit), and the assessors of each and every taxing district in Bergen County, are named as defendants. In that prior suit, the said village contends that the apportionment of the amount to be raised by taxation for county purposes and levied on the property situated in Ridgefield Park is unconstitutional, illegal and void. The complaint alleges that the valuation assessments levied on the real and personal property in the taxing districts in Bergen County have not been uniformly assessed, and that the assessments have not been equalized among the various taxing districts, and that, therefore, the county taxes levied on Ridgefield Park are excessive, unconstitutional, illegal and void. In said suit, the village seeks to have the taxes levied for the year 1959 for county purposes against the property in Ridgefield Park set aside as void *ab initio*. An answer was filed on behalf of the Bergen County Board of Taxation, the County of Bergen, the Treasurer of Bergen County, and most of the local assessors. A pretrial order was entered on May 4, 1959, and the case was set down for trial on June 1, 1959.

In the said suit brought by Ridgefield Park a motion was made on behalf of the Bergen County Board of Taxation, and also on behalf of some of the defendant assessors, for a summary judgment dismissing the complaint filed by the said village. The trial court held that the complaint set forth a good cause for action, and denied the motion. From the order denying the motion, an appeal was taken to the Appellate Division, as a result of which the trial of the issues involved, which was to begin June 1, 1959, is stayed until the appeal has been determined.

For the purpose of the motion made by plaintiff, as Treasurer of Bergen County, for a summary judgment, he admits all the well pleaded allegations of material facts in the separate defenses in the answer of the defendants, and all facts reasonably inferable therefrom. If there is a genuine issue of material facts that must be determined before judgment can be given, a summary judgment cannot be entered. *Coastal Oil Co. v. Eastern Tankers Seaways Corporation,* 29 *N. J. Super.* 565 (*App. Div.* 1954); *Orrok v. Parmigiani,* 32 *N. J. Super.* 70 (*App. Div.* 1954); *Bickwit v. Hammes,* 34 *N. J. Super.* 568 (*Ch. Div.* 1955); *McDermott v. Botwick,* 38 *N. J. Super.* 528 (*App. Div.* 1956). For the purpose of this motion, the said plaintiff, as Treasurer of Bergen County, therefore admits the allegations in the answer of the defendants that the real and personal property in the various taxing districts of Bergen County have not been uniformly assessed and the assessed value equalized as required by the Constitution of New Jersey, and that, as a result thereof, the county taxes levied against Ridgefield Park for the year 1959 are excessive and void.

All acts relating to taxation and the enforcement thereof are subject to the constitutional requirement of equality and uniformity. The constitutional mandate that property shall be assessed for taxes by uniform rules is self-executing. No legislation is needed to give it effect, and anything done in violation thereof is absolutely void and of no effect. Consequently, no tax can be lawfully laid on property which is not determined by a valuation of the property by a uniform rule. *State, North Ward National Bank of Newark, prosecutors v. Mayor, etc., of City of Newark,* 39 *N. J. L.* 380 (*Sup. Ct.* 1877), reversed on other grounds 40 *N. J. L.* 558 (*E. & A.* 1878); *Taylor v. Smith,* 50 *N. J. L.* 101 (*Sup. Ct.* 1887); *Sisters of Charity of St. Elizabeth v. Collector of Chatham Tp.,* 51 *N. J. L.* 89 (*Sup. Ct.* 1888), reversed on other grounds 52 *N. J. L.* 373 (*E. & A.* 1890); *Cooper Hospital v. Camden,* 68 *N. J. L.* 691 (*E. & A.* 1902); *Mayor, etc., of Jersey City v. State*

(*Vreeland, Prosecutor*), 43 *N. J. L.* 638 (*E. & A.* 1881);
*Kraus v. City of Cleveland*, 89 *Ohio App.* 504, 96 *N. E.*
*2d* 314 (*App. Ct.* 1950), appeal dismissed 155 *Ohio St.* 98,
97 *N. E. 2d* 549 (*Sup. Ct.* 1951). The constitutional re-
quirement that property shall be assessed by uniform rules
implies equality in the burden of taxation. A tax for a
county must be, therefore, uniform and equal throughout
the county. In the case of *State Board of Assessors v.*
*Central R. Co.*, 48 *N. J. L.* 146, on *page* 340 (*E. & A.*
1886), Mr. Justice Depue said that, "* * * the constitu-
tion requires the same percentage of * * * value upon
all taxable property * * * in the county if for county
purposes * * *." See, also, 51 *Am. Jur., sec.* 153,
*p.* 203; 84 *C. J. S. Taxation* § 22, *p.* 78; *Cooley Taxation*
(*4th ed.*), *sec.* 295, *p.* 612; *sec.* 299, *p.* 625; *sec.* 304, *p.* 638,
and *sec.* 310, *p.* 644. It is of the very essence of taxation
that it should be equal and uniform. When the amount
levied is determined without regard to such constitutional
requirements, the power exercised is not that of taxation
but of confiscation. *State ex rel. Trustees of White House*
*School Dist. No. 71 v. Township Committee of Readington,*
36 *N. J. L.* 66 (*Sup. Ct.* 1872). In the case of *State Board*
*of Assessors v. Central R. Co.*, 48 *N. J. L.* 146 (*E. & A.*
1886), Mr. Justice Parker said, on *page* 298, that the tax-
ing power was "controlled by constitutional limitations, which
the people have adopted." In the case of *Baldwin Const. Co.*
*v. Essex County Board of Taxation,* 16 *N. J.* 329 (1954),
the court said that "The dominant principle of the new
constitutional mandate is equality of treatment and burden.
And this was of the essence and spirit of the old Constitution
as well." In the case of *Trustees for Support of Public*
*Schools v. Inhabitants of City of Trenton,* 30 *N. J. Eq.* 667
(*E. & A.* 1879), in an opinion written by Mr. Justice Depue,
the court said:

"The reasons which induced the adoption of the constitutional
provision are deep-seated in principles of public policy. Its object
was to secure to the people of the state the equalization of taxes,

so far as was practicable, by requiring the imposition of taxes on property by general laws, on the principle of uniformity in the subjects of taxation and in valuations."

Since these provisions in the Constitution are limitations on the power to tax, they must be obeyed. They were adopted by the people for their protection against the exercise of arbitrary power under color of governmental authority. Unequal valuation assessments of property violate not only the requirements of the Constitution of New Jersey but also the equal protection of the laws provision in the federal constitution, *Cooley, Taxation (4th ed.), sec.* 131; *Hillsborough Township, Somerset County, N. J. v. Cromwell,* 326 *U. S.* 620, 66 *S. Ct.* 445, 90 *L. Ed.* 358 (1946). An unconstitutional act is void *ab initio,* and its invalidity must be recognized for all purposes.

The apportionment, among the municipalities of a county, of the taxes that are required for county purposes is determined by the net assessed value of all the real and personal property in the county which is subject to such taxation. The statutes of New Jersey impose on each county board of taxation the duty of securing, by uniform rules, the equalization of the assessed value of all the taxable real and personal property in the county in order that all property within the county, except such as shall be exempt by law, shall bear its full, equal and just share of the taxes required for county purposes. *R. S.* 54:3–13, 15, 17, 19; *R. S.* 54:4–46; *N. J. S. A.* 54:4–47, 48, 49. The total amount of taxes to be raised each year for county purposes by the municipalities within a county is divided by the total net assessed value of all the taxable real and personal property in the county as fixed and determined by the county board of taxation. The quotient resulting from this division is the percentage of such total net value of the taxable real and personal property, as determined by the county board of taxation, which is used as the rate for apportioning the county taxes among the municipalities of the county. The amount of taxes to be levied against a single munici-

pality for county purposes is determined by multiplying the total net assessed value of all the taxable real and personal property in such municipality, as determined by the county board of taxation, by the said rate for apportioning the county taxes. This method of apportioning the county taxes among the municipalities within a county is merely a simple mathematical calculation after the property, which is to bear the burden of the county taxes, has been uniformly assessed and equalized as required by the New Jersey Constitution. It is obvious, therefore, that if the value of the property has not been uniformly assessed and equalized as required by the Constitution, the taxes levied on the property will be unequal, burdensome, and unconstitutional.

The *Sixth Report of The Commission on State Tax Policy of New Jersey,* which was submitted to the Governor and to the Legislature in February, 1953, states that property valuations and assessments in New Jersey are marred by the grossest inequities, and that the taxation on personal property in New Jersey is both a "scandal and a hazard." The report is entitled "A Century of Inequities" in the taxation of property in New Jersey. The situation as reported by the Commission on State Tax Policy concerning the valuation assessments on property in New Jersey has existed, according to the said report, for 100 years. It is a notorious historical fact that for many years the constitutional injunction that property be assessed for taxation uniformly has been flagrantly violated in New Jersey. As a result thereof, the unequal apportionment of the tax burden on property has created a serious economic condition for the public and for the taxpayers alike. This condition must be rectified in the public interest. The people are entitled to the protection which the adoption of the New Jersey and federal Constitutions was intended to give them, and no court should give its support to any unjustified maneuver taken pursuant only to the adjective law which would, in effect, nullify or defeat such protection. The cost of litigation and the delay in obtaining a final adjudication

according to the substantive law could be fatal obstacles to relief from unjust and burdensome taxation. The taxpayer is thus caught on the horns of a dilemma, and whichever way he turns could be ruinous for him. A property owner is entitled to be given speedy, efficient, and complete relief from unjust and burdensome taxation. The administrative agencies cannot always give such relief, because they have no jurisdiction to pass on constitutional questions. *Schwartz v. Essex County Board of Taxation,* 129 *N. J. L.* 129, 132 (*Sup. Ct.* 1942), affirmed 130 *N. J. L.* 177 (*E. & A.* 1943).

In the case of *City of Topeka v. Boyd, County Treasurer,* 127 *Kan.* 202, 272 *P.* 124 (*Sup. Ct.* 1928) the said city brought a proceeding in *mandamus* to compel the Treasurer of Shawnee County to pay to the city certain taxes which the county treasurer had collected for the city. The answer filed by the county treasurer alleged that the city had no legal right to the taxes, because they were improperly assessed. The court said that "a taxpayer has a right to contest an illegal tax, and no officer, county or city, has a right to impose or collect one that is illegal." The writ of *mandamus* was therefore denied.

The plaintiff's motion for a peremptory writ of *mandamus* is denied for the foregoing reasons.