**FEDERAL RESERVE BANK OF BOSTON, Plaintiff,**

v.

**COMMISSIONER OF CORPORATIONS AND TAXATION OF the COMMONWEALTH OF MASSACHUSETTS, Defendant.**

Civ. A. No. 73–882–G.

United States District Court,
D. Massachusetts.

Dec. 20, 1973.

Chester M. Howe, Daniel B. Bickford, Boston, Mass., for plaintiff.

Terence P. O'Malley, Asst. Atty. Gen., Commonwealth of Mass., Boston, Mass., for defendant.

ORDER GRANTING DISMISSAL

GARRITY, District Judge.

In this case the plaintiff Federal Reserve Bank of Boston, which is in the

process of building a new bank building in Boston, seeks a declaratory judgment that the defendant Commissioner of Corporations and Taxation of the Commonwealth of Massachusetts erred in ruling that purchase of the materials and supplies being used in the construction is subject to the state sales tax under Mass.G.L. c. 64H, § 6. Plaintiff has advanced alternative contentions: (1) it was entitled to a certificate of exemption as a matter of state law under Mass.G.L. c. 64H, § 6(d) or (f),[1] and (2) it is exempt as a matter of federal law under 12 U.S.C. §§ 221–522.[2] A certificate of exemption was denied by the defendant Commissioner upon the ground that the building would not be used exclusively for "public purposes." The basis for the Commissioner's ruling was the tacit admission by the bank that some of the floor space in the building under construction is intended for future expansion and will in the first instance be leased to private parties, since governmental agencies do not at present need all the space that will be available when the new building opens. The bank contends both that federal law compels the exemption and takes issue with the Commissioner's definition of "public purposes." This latter argument is premised on the Bank's preclusion from profit-making by 12 U.S.C. § 290 and the fact that the "Guidelines for Design and Construction of Federal Reserve Bank Buildings" require new buildings to have sufficient space for future expansion.

Factually, the sales tax at issue is paid by vendors who add to their sales price the tax due. See Mass.G.L. c. 64H, §§ 9–12. Normally this tax is paid by the contractor who passes the taxes on to the building's owner as a more expensive building. In the instant case the contract between the Federal Reserve Bank of Boston and the contractor provides that the bank shall be the purchaser of all construction materials.

The plaintiff moved for summary judgment, the defendant opposed and moved for dismissal or abstention. Briefs were filed and a hearing on the motions was held. Upon consideration of the motion, the briefs of the parties and their arguments at the hearing, the court has concluded that the case should be dismissed.[3]

In Great Lakes Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), the Supreme Court ruled that federal courts should deny declaratory relief against state taxing statutes where an adequate remedy exists in the state courts. While the underpinnings of the *Great Lakes* doctrine may be somewhat amorphous and shifting, the continuing validity of that doctrine is not open to question. See Samuels v. Mackell, 401 U.S. 66, 69–70, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Hillsborough v. Cromwell, 326 U.S. 620, 623, 66 S.Ct. 445, 90 L.Ed. 358 (1946); Spector Motor Co. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101 (1944). Moreover, only the existence of the *Great Lakes* doctrine has prevented a

---

1. "The following sales and the gross receipts therefrom shall be exempt from the tax imposed by this chapter:

      .      .      .      .

   (d) Sales to the United States, the commonwealth or any political subdivision thereof, or their respective agencies.
   (f) Sales of building materials and supplies to be used in the construction  . . . of (1) any building structure  . . . owned by or held in trust for the benefit of any governmental body or agency mentioned in paragraph (d) and used exclusively for public purposes  . . . provided, however, that such governmental body

or agency  .   .   . shall have first obtained a certificate from the commissioner.  .   .   ."

2. 12 U.S.C. § 531 provides in pertinent part, "federal reserve banks, including the capital stock and surplus therein and the income derived therefrom, shall be exempt from Federal, State, and local taxation, except taxes upon real estate."

3. The court therefore does not reach the questions of the propriety of abstention or the existence of a controversy as to material facts. Nor does it reach the merits of the Commissioner's ruling.

decision by the Supreme Court as to whether declaratory relief against state taxes is prohibited by the Tax Injunction Act of 1937, 28 U.S.C. § 1341. See H. Hart & H. Wechsler's, The Federal Courts and the Federal System 978–79 (1973). The American Law Institute would include declaratory judgments within the prohibition of that section. ALI Study, proposed § 1371(a) and p. 287. The First Circuit has recently re-affirmed the validity of the *Great Lakes* doctrine, stating that, when state tax provisions are challenged, "strong authority requires federal courts to withhold declaratory relief 'without consideration of the merits' where taxpayers have a 'plain, adequate and complete' remedy . . . in state courts." United States v. State Tax Commission, 1 Cir. 1973, 481 F.2d 963, 973.

▆▆ The plaintiff has argued that the *Great Lakes* doctrine is inapposite on three separate grounds: (1) that doctrine does not bar the United States from access to its own courts; (2) in the instant case an independent jurisdictional statute gives the court jurisdiction; and (3) no adequate remedy exists in the state courts. Plaintiff is correct that the *Great Lakes* doctrine does not bar the United States or its "instrumentalities" from access to its own courts. United States v. State Tax Commission, *supra,* at 975. See also, Department of Employment v. United States, 385 U.S. 355, 358, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966). However, plaintiff has not demonstrated that it stands in a different position than the federal savings and loan associations which were denied relief under the *Great Lakes* doctrine in United States v. State Tax Commission, *supra.* While differences of some degree exist between federal reserve banks and federal savings and loan associations, it is not apparent that they are sufficient to enable the former to escape the preclusion of relief required by *Great Lakes.* In support of its position that a federal reserve bank is an instrumentality of the United States that escapes the rule of *Great Lakes,* plaintiff cites Agua Caliente Band v. County of Riverside, 9 Cir. 1971, 442 F.2d 1184. That case held that Indians who were lessees of the United States qualified for the "instrumentalities" exemption to the anti-injunction statute. We concede that a rationale which would exempt an instrumentality of the United States from the operation of Tax Injunction Act would also serve to exempt it from the *Great Lakes* doctrine. But the *Agua Caliente* case is distinguishable on the ground that "Indian property uniformly is said to be an instrumentality of the United States." *Agua, supra,* at 1185. No similar body of authority or precedent exists as to federal reserve banks. In our opinion the facts of this case are simply too analogous to United States v. State Tax Commission, supra, to permit or warrant a finding that plaintiff is an instrumentality of the United States.

▆ The plaintiff's second objection to the applicability of the *Great Lakes* doctrine is premised upon the existence of 12 U.S.C. § 632 giving the federal courts arising-under jurisdiction over all suits in which a federal reserve bank is a party. The existence of this statute, *simpliciter,* and therefore jurisdiction in this case, however, do not preclude the operation of those principles of comity, equity and federalism upon which the *Great Lakes* doctrine rests. Cf. DeBeers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 218, 223, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945); Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944); Appalachian Coals, Inc. v. United States, 288 U.S. 344, 377, 53 S.Ct. 471, 77 L.Ed. 825 (1933). Thus *Great Lakes* did not deny the existence of jurisdiction but only required a dismissal upon grounds of federalism and equity. That being so, having failed to show that individual federal reserve banks are "instrumentalities", the existence of 12 U.S.C. § 632 alone does not preclude the application of the *Great Lakes* rule.

▆ Plaintiff's last assertion is the lack of an adequate state remedy.

Plaintiff has attempted to show that under the *Great Lakes* doctrine the remedy in the state court must, of necessity, be legal, not equitable, and that declaratory relief in Massachusetts is equitable. However, this effort would seem to have been futile in view of the First Circuit's clear recognition of state declaratory relief as an adequate state remedy in Massachusetts under the *Great Lakes* doctrine. United States v. State Tax Commission, *supra,* 481 F.2d at 974. Since the plaintiff clearly could adequately seek declaratory relief under Mass.G.L. c. 231A, §§ 1, 2, there is no basis for not applying the *Great Lakes* doctrine. The availability of this relief also makes the argued unavailability of a rebate suit irrelevant.

For these reasons it is ordered that this suit be dismissed.