REQUESTED BY: Dear Senator Simon:
You have asked our opinion as to the constitutional validity of a proposed amendment to LB 175. LB 175, as now amended, would submit to the voters a proposed amendment to Article VIII, section 2 of the Nebraska Constitution. This amendment would add this language to that section:
 "The Legislature, by general law and upon any terms, conditions, and restrictions as prescribed, may provide, for a period not to exceed five years, relief from taxation of the increase in the assessed valuation of existing structures due to improvements to such structures."
You have asked us no questions concerning the validity of the above-quoted language, so we express no opinion on the subject. You state, however, that you propose to introduce an amendment which would make the exemption available as a local option. It is as to such amendment that you solicit our opinion.
Since, if adopted by the voters, this will become a part of the Nebraska Constitution, we are unable to say that it would be in violation of that Constitution. A similar situation was involved in State v. Chicago, B Q. R.Company, 195 Mo. 228, 93 S.W. 784 (1906), in which a constitutional amendment attempted to exempt certain cities from a particular tax.
The court said that it could not declare it to be in violation of the state Constitution, since the provision in question was just as much a part of the Constitution as the provision requiring uniformity of taxation. The court held, however, that the amendment violated the Fourteenth Amendment to the Federal Constitution by denying all persons in the state the equal protection of the laws.
We believe that a state constitutional amendment must comport with the federal Constitution just as a statute would. In Hillsborough Township v. Cromwell, 326 U.S. 620,90 L.Ed. 358, 66 S.Ct. 445 (1945), the court said:
 "The equal protection clause of the Fourteenth Amendment protects the individual from state action which selects him out for discriminatory treatment by subjecting him to taxes not imposed on others of the same class. The right is the right to equal treatment. . . ."
You have not, of course, given us the exact text of your proposed local option amendment, so we don't know exactly what it would say. It could make it a county-wide option or perhaps, a city-wide one. If it is a county-wide option, we do not see how it could escape providing unequal treatment of taxpayers in taxing districts lying in two or more counties. For example, suppose a school district lies in two counties, one of which has elected to allow the exemption, and the other of which has not. A property owner in that part of the district lying in the first county, who had made improvements on his building would have an exemption of the value of such improvements. A property owner in the adjoining county, in identical circumstances, would not. The second taxpayer would be paying more for the support of the school than the first. We believe this would be in clear violation of the equal protection clause.
Similar problems will occur if the local option is on a city-wide basis. City dwellers are subjected to county levies as well as those of other taxing districts covering a wider area than the city. If the exemption is allowed in the areas of the district outside the city, but not in the city, or vice versa, unequal treatment is inevitable. We therefore believe the proposed local option amendment would be difficult to sustain against constitutional attack.