The Honorable David Bisbee State Senator 14068 Pyramid Drive Rogers, Arkansas 72758-2516
Dear Representative Bisbee:
I am writing in response to your request for my response to the following question:
 Please define the words "similarly situated" as they are used throughout Arkansas Code § 26-27-315.
RESPONSE
The term "similarly situated" as used for purposes of tax equalization is nowhere defined in the Code or the case law. Although this office is not authorized to provide definitions of terms that the legislature itself has failed to define, I will note that common usage would suggest that this term likely means "in like condition" or "of the same sort." Determining whether any assessed piece of property subject to tax equalization meets this condition will entail conducting a factual inquiry that this office is neither equipped nor authorized to undertake.
Section 26-27-315 of the Code (Supp. 2007) provides in pertinent part:
 (a) Immediately after the county assessor files his or her report of the assessment of real and personal property in the office of the clerk of the county court as required by law, the clerk of the county court shall present the report of the assessment to the county equalization *Page 2 
board, and the county equalization board shall proceed to equalize the assessed valuation of the properties.
 (b) For this purpose, the county equalization board shall observe the following rules:
 (1)(A) It shall raise or lower the valuation of any property to bring about a complete equalization.
 (B) It shall not raise or lower the valuation of any property without documenting the reason for raising or lowering the valuation of the property, and the documentation shall be attached to the appropriate property record card or cards.
 (C) The reasons for lowering or raising the valuation of property shall be limited to:
 (i) The assessment is unfair compared with other properties of the same kind similarly situated, evidenced by the fact that the property is assessed higher than neighborhood properties of the same use, size, materials, and condition;
 (ii) The assessment is clearly erroneous, evidenced by the fact that the appraisal relies on substantially inaccurate or insufficient information concerning the property; or
 (iii) The assessment is manifestly excessive or greatly exceeds what willing and knowledgeable buyers will pay similarly motivated sellers for the property, evidenced by selling prices of similarly situated properties.
 (D)(i) It shall not raise or lower the value of any property without reviewing values of similarly situated properties.
 (ii) If the same reason for raising or lowering the value of the property exists for those similarly situated properties, the values for those properties shall also be raised or lowered, and the changes shall be documented. *Page 3 
 (E) It shall not materially change the records of the county assessor's office, but may only direct that the assessed value of property be raised or lowered in keeping with its documented findings;
Perhaps based on an assumption that the term "similarly situated" has an ordinary-language connotation as meaning "in like condition" or "of the same sort," the case law has generally used this term without elaboration as implicating equal protection concerns in discussing issues of property assessment and tax equalization. For instance, inSouthwestern Bell Mobile v. P.S.C., 73 Ark. App. 222, 230, 40 S.W.3d (2001), the court observed:
 We turn now to appellants' equal protection argument.[1] Appellants claim that their right to equal protection was violated because, while their property was assessed by the Commission's Tax Division, the property of similarly situated taxpayers such as paging companies was assessed by county assessors. The Equal Protection Clause of the Fourteenth Amendment protects an individual from state action which selects him out for discriminatory treatment by subjecting him to taxes not imposed on others of the same class. See Hillsborough v. Cromwell, 326 U.S. 620
(1946). However, the clause applies only to taxation that in fact bears unequally on persons or property of the same class. Allegheny Pittsburgh Coal Co. v. County Comm'n of Webster County, 488 U.S. 336 (1989). Further, the Equal Protection Clause requires a "rough equality" in the tax treatment of similarly situated property owners. Id.; Pockrus v. Bella Vista Village Prop. Owners Ass'n, 316 Ark. 468, 872 S.W.2d 416
(1994).
(Emphasis added.) As aptly illustrated in the court's elaborate discussion of background events in Southwestern Bell Mobile,supra, determining whether two *Page 4 
taxpayers are "similarly situated" or "of the same class" will necessarily entail conducting an intense inquiry into the facts — a conclusion that necessarily rules out any boilerplate definitions of these terms that might be applied without further inquiry in any given instance.
Some practical guidance regarding the types of factual inquiries to be made in each case might be found in A.C.A. § 26-27-315(b)(1)(C)(i), which, as noted above, provides:
 (C) The reasons for lowering or raising the valuation of property shall be limited to:
 (i) The assessment is unfair compared with other properties of the same kind similarly situated, evidenced by the fact that the property is assessed higher than neighborhood properties of the same use, size, materials, and condition[.]
(Emphasis added.) The comparative focus in this statute upon "the same use, size, materials and condition" strikes me as giving considerable substance to the term "similarly situated," at least within the context of assessing and equalizing "neighborhood" properties. This mandate would appear to require a relatively straightforward comparison of properties in a particular area. Beyond this, as noted above, I am not authorized to formulate a definition of a term that the legislature has not itself expressly defined.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] The constitutional doctrine of "equal protection" is set forth not only in the Fourteenth Amendment to the United States Constitution but also in article 2, §§ 2 and 3 of the Arkansas Constitution. Specifically with respect to taxation, it is further embodied in Ark. Const. art. 16, § 5(a), which provides:
 All real and tangible personal property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property for which a tax may be collected shall be taxed higher than another species of property of equal value, except as provided and authorized in Section 15 of this Article, and except as authorized in Section 14 of this Article. *Page 1