341 F.2d 895
 Clement L. McEACHERN, Appellant,
v.
John W. MACY, Jr., Chairman, the United States Civil Service
Commission, Frederick J. Lawton, Commissioner, the United
States Civil Service Commission, Robert E. Hampton,
Commissioner, the United States Civil Service Commission,
Robert M. Ball, Commissioner of Social Security, Department
of Health, Education, and Welfare, Appellees.
 No. 9639.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 8, 1965.
Decided Feb. 19, 1965.
 
 Clement L. McEachern, pro se.
 John C. Eldridge, Department of Justice (John W. Douglas, Asst. Atty. Gen., and Morton Hollander and Edward A. Berlin, Department of Justice, and John C. Williams, U.S. Atty., on brief), for appellees.
 Before SOBELOFF and BOREMAN, Circuit Judges, and HUTCHESON, District judge.
 PER CURIAM.
 
 
 1
 After a hearing before the United States Civil Service Commission, Clement L. McEachern was discharged from his position as a hearing examiner of the Social Security Administration. He was charged with eight specific instances of financial irresponsibility, and the general charge that, by his repeated failure to meet his financial obligations, he had brought discredit upon the Social Security Administration. The Commission sustained four of the specific charges and the general charge.
 
 
 2
 McEachern seeks review of the decision of the District Court, 233 F.Supp. 516, which held that the findings of the Civil Service Commission were supported by substantial evidence.[1]
 
 
 3
 McEachern claims, primarily, that admission into evidence at the hearing before the Commission of creditors' letters showing his delinquency in payment of debts violated his rights to confront and cross-examine the witnesses against him. In other contexts, it might well be that the admission of such letters, instead of calling their authors to testify, would be a valid basis for complaint. The obvious answer here, however, is that McEachern himself admitted and still does not dispute owing the amounts in question. these admissions in themselves constituted substantial and uncontroverted support of the four specific charges of financial irresponsibility.
 
 
 4
 The other contention of the appellant is that there was no support in any competent evidence for the Commission's general finding that his neglect of his financial obligations brought discredit on the Social Security Administration. The four charges which he admitted were ample support for the Commission's finding and conclusion. We find no error in the order of the District Court upholding the action of the Commission. We deem it unnecessary to repeat the details which are fully set forth in the District Court's opinion.
 
 
 5
 Affirmed.
 
 
 
 [1]
 This case was previously before this court on a procedural matter. See McEachern v. United States, 321 F.2d 31 (4th Cir. 1963)