478 F.2d 456
 NON-RESIDENT TAXPAYERS ASSOCIATION, a corporation on behalf
of itself, its members and other persons who have been and
will be similarly situated in the same class and classes of
persons, et al., Appellants,
v.
The MUNICIPALITY OF PHILADELPHIA et al., Appellees.
 No. 72-1166.
 United States Court of Appeals,
Third Circuit.
 Argued March 5, 1973.
Decided May 10, 1973.
 
 Lee B. Laskin, Camden, N. J., for appellants.
 Richard S. Zackin, Asst. U. S. Atty., Newark, N. J., and Albert J. Persichetti, Deputy City Sol., Philadelphia, Pa., for appellees.
 S. Jay Sklar, Asst. City Sol., John Mattioni, Deputy City Sol., Martin Weinberg, City Sol., Philadelphia, Pa., for the Municipality of Philadelphia and Thomas Rogers.
 Herbert J. Stern, U. S. Atty., Joseph F. Audino, Asst. U. S. Atty., Newark, N. J., for U. S. Government, George Schultz, Director of the Office of Management and the Budget, and John Chafee, Secretary of the Navy.
 George F. Kugler, Jr., Atty. Gen. of N. J., Herbert K. Glickman, Deputy Atty. Gen., Trenton, N. J., for the State of New Jersey as amicus curiae.
 Before GIBBONS and HUNTER, Circuit Judges, and MUIR, District Judge.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 Appellants filed in the United States District Court for the District of New Jersey a suit challenging (1) the right of the City of Philadelphia to impose and collect a wage tax on non-residents of Philadelphia employed in the Philadelphia Navy Yard, a federal enclave; and (2) certain federal regulations and a federal executive order alleged to have a coercive effect in assisting the City of Philadelphia in the collection of the challenged tax. The defendants named were the City of Philadelphia and Thomas Rogers, the Director of its Department of Collections (the municipal defendants), the Commonwealth of Pennsylvania and Milton Shapp its Governor (the State defendants), and the United States Government, George Schultz, the Director of its Office of Management and the Budget, and John Chafee, its Secretary of the Navy (the federal defendants). The complaint seeks injunctive relief and asks for the convening, pursuant to 28 U.S.C. Sec. 2281 et seq., of a three-judge district court. Such a court was convened. The State defendants moved for dismissal of the complaint on several grounds. The court decided that the Johnson Act, 28 U.S.C. Sec. 1341,[1] denied jurisdiction to a federal court, and it dismissed the complaint as against the State defendants. The municipal defendants moved that the three-judge court be dissolved and that the complaint be dismissed as to them on the ground, among others, that the injunction sought was against a municipal ordinance of local application. See Cleveland v. United States, 323 U.S. 329, 332, 65 S.Ct. 280, 89 L.Ed. 274 (1945); Rorick v. Board of Commissioners, 307 U.S. 208, 212, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 94, 55 S.Ct. 678, 79 L.Ed. 1322 (1935). The three-judge court concluded that neither the challenge to the municipal ordinance nor the challenge to the federal regulations and federal executive order were matters required to be heard by a three-judge district court, and it entered an order dissolving itself and transferring the case to a single district judge. Non-Resident Taxpayers Association v. Philadelphia, 341 F.Supp. 1135 (D.N.J. 1971), aff'd by order, 406 U.S. 951, 92 S.Ct. 2061, 32 L.Ed.2d 340 (1972). That order left pending before the single district court judge, against the municipal defendants, the challenge to the taxing ordinance, and against the federal defendants, the challenge to the federal regulations and federal executive order. The motions of the municipal defendants and the federal defendants to dismiss the complaint were granted by the single district judge, Non-Resident Taxpayers Association v. Philadelphia, 341 F.Supp. 1139 (D.N.J.1971), and this appeal followed.
 
 
 2
 The district court dismissed as to the municipal defendants because the complaint seeks a permanent injunction against the collection of a tax authorized by state law, and such an injunction is prohibited by the Johnson Act, 28 U.S.C. Sec. 1341. Appellants urge two grounds for reversal.
 
 
 3
 First, they urge the Johnson Act properly construed applies only to injunctive relief prior to final hearing. Thus, they urge, the case should be remanded for final hearing, with the city free to collect the tax in the interim, but recognizing the power of the district court to enter an injunction as a part of a final judgment. No case has been called to our attention which recognizes so novel a construction of the Johnson Act. We need look no further than the plain text of the statute to reject it.
 
 
 4
 Next, relying on Hillsborough v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946), the appellants urge that they fall within the exception in the Johnson Act which permits injunctions where there is no plain, speedy and effective state remedy by which the questioned tax may be litigated. The Pennsylvania courts would, however, entertain a suit for a refund. Pa.Stat.Ann. tit. 72, Sec. 7342. Such a suit is a plain, speedy and effective remedy. See, e. g., Houston v. Standard Triumph Motor Co., 347 F.2d 194, 199 (5th Cir. 1965), cert. denied, 382 U.S. 974, 86 S.Ct. 539, 15 L.Ed.2d 466 (1966); Helmsley v. Detroit, 320 F.2d 476, 480 (6th Cir. 1963). Indeed, the power of the City of Philadelphia to tax wages of nonresidents earned in the Philadelphia Navy Yard has been litigated in the courts of the Commonwealth. Kiker v. Philadelphia, 346 Pa. 624, 31 A.2d 289, cert. denied, 320 U.S. 741, 64 S.Ct. 41, 88 L.Ed. 439 (1943). The Kiker case recognizes the taxing power here challenged. Because that holding by the Commonwealth's highest court would be recognized as a persuasive if not a controlling authority in any Pennsylvania court to which appellants might resort, they rely on it as establishing the lack of an effective state court remedy. Hillsborough v. Cromwell, supra, does not hold that the unlikelihood of success in the state courts is sufficient to take a case outside the Johnson Act. Rather, the Hillsborough v. Cromwell suit was entertained because it was not clear, under the New Jersey law at the time of the decision, whether there was "any adequate remedy in the New Jersey courts for challenging the assessments on local law grounds." 326 U.S. at 628, 66 S.Ct. at 451.
 
 
 5
 The Johnson Act, then, is a sufficient reason for sustaining the dismissal of the complaint for injunctive relief against the municipal ordinance without reaching the issue of its alleged unconstitutionality as applied to a federal enclave. We note, however, that the Buck Act, 4 U.S.C. Sec. 106, passed in response to James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155 (1937), appears to provide ample justification for the decision of the Supreme Court of Pennsylvania in Kiker v. Philadelphia, supra. Appellants' due process attack on the ordinance, under cases such as General Motors v. Washington, 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964), Miller Brothers Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954), and International Harvester Co. v. Wisconsin Dept. of Taxation, 322 U.S. 435, 64 S.Ct. 1060, 88 L.Ed. 1373 (1944), if we had to consider it, we would regard it as insubstantial.
 
 
 6
 Turning to the challenged federal actions, our starting point is 5 U.S.C. Sec. 7501(a) which permits the removal or suspension without pay of federal employees in the competitive service "only for such cause as will promote the efficiency of the service." The head of an executive or military department may, under 5 U.S.C. Sec. 301, prescribe regulations for the governing of his department and the conduct of his employees. The Executive Office of the President, Bureau of the Budget, has, by Circular No. A-38,[2] instructed the heads of all executive departments and establishments to furnish information concerning compensation for personal services of federal employees to states and other governmental units taxing such compensation. That circular states in part:
 
 
 7
 "It is the long-established policy of the Federal Government that its employees have an ethical responsibility to pay their just taxes, whether Federal, State or local, on the grounds that such taxes are a responsibility which every citizen must meet for the support of services provided by each level of government exercising taxing powers."
 
 
 8
 The Navy Department has issued Joint Instruction No. 12750.2B[3] to all its civilian employees advising them that disciplinary proceedings will be taken for certain common offenses. The Joint Instruction cross references to FPM 735-9 Subchapter 2, Agency Regulations Governing Ethical and Other Conduct and Responsibilities of Employees, which among other things, states:
 
 
 9
 "Employees are required to pay each just financial obligation in a proper and timely manner, especially one imposed by law such as Federal, State, or local taxes."
 
 The Joint Instruction states:
 
 10
 "(2) Employees who repeatedly refuse to honor just and acknowledged debts are subject to disciplinary action, including removal, whenever the indebtedness reflects so unfavorably upon their suitability for Federal Service as to warrant disciplinary action.* * * * * *
 
 
 11
 (5) City of Philadelphia Wage Tax. The legality of the Philadelphia Wage Tax has been established and all employees must recognize this tax as an obligation which they cannot disregard.
 
 
 12
 (6) Based on the foregoing information, effective immediately, the following procedure for handling all City of Philadelphia Wage Tax Delinquency, will be followed:
 
 
 13
 (a) Upon receipt of tax delinquency notice involving any employee of the Compound, male or female, from the City of Philadelphia Tax Authority, the employee concerned will be notified through his supervisor to report to the Consolidated Civilian Personnel Department, NPFC 23, and be personally counseled by CCPD personnel.
 
 
 14
 (b) Should a second notice of delinquency be received within 6 months following such counseling and the employee fails to show acceptable evidence of responsible action on his/her part, the employee will be officially disciplined for first infraction of 'Failure to Honor Just Debts Without Good Cause' following the procedures for initiating disciplinary action, reference (a). The penalty for a first offense ranges from a minimum of a Letter of Reprimand to a maximum penalty of 5 Days Suspension Without Pay.
 
 
 15
 (c) Should a third notice of delinquency, be received during the one year reckoning period and the employee fails to show acceptable evidence of responsible action on his/her part to liquidate the delinquency, it will be considered a second offense of Failure to Honor Just Debts Without Good Cause. The penalty for second offense ranges from a minimum of 3 days suspension without pay to a maximum of 10 days suspension without pay.
 
 
 16
 (d) Should a fourth notice of delinquency be received within the one year reckoning period and the employee fails to show acceptable evidence of responsible action on his/her part to liquidate the debt, a proposed notice of removal from employment will be issued under the procedures set forth in reference (a)."
 
 
 17
 The provisions of the Joint Instruction dealing with delinquency by employees in payment of Philadelphia wage taxes meet reasonable due process requirements. There is a sufficient nexus between the efficiency of the service and the non-payment by employees of their just debts since the federal employer may be importuned by creditors such as Philadelphia to put pressure on such employees for payment. See Jenkins v. Macy, 357 F.2d 62 (8th Cir. 1966); McEachern v. Macy, 341 F.2d 895 (4th Cir. 1965); Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364, cert. denied, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507 (1949). Cf. Norton v. Macy, 135 U.S.App.D.C. 214, 417 F.2d 1161, 1168 (1969). The contention that the federal employer, by releasing information belonging to it, thereby violates a constitutionally protected right of privacy, is sustained by no authority which has been called to our attention. Cf. 26 U.S.C. Sec. 6103(b). The contention that the quoted provisions of Joint Instruction No. 12750.2B amount to a prior restraint on free speech we regard as frivolous. All of us, appellants included, are free to complain about taxes. We must, nevertheless despite the first amendment, pay them.
 
 
 18
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 That section provides:
 "The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."
 
 
 [2]
 Issued August 4, 1963
 
 
 [3]
 Issued July 7, 1970