NORTHWEST AIRLINES, INC.; Federal Express Corporation; American Airlines, Inc.; and Delta Airlines, Inc., Plaintiffs–Appellants,

v.

TENNESSEE STATE BOARD OF EQUALIZATION, Defendant–Appellee.

No. 92–5145.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 6, 1992.

Decided Nov. 24, 1993.

James W. McBride, Janis M. Wild, Stephen D. Goodwin (argued and briefed), Heiskell, Donelson, Bearman, Adams, Williams &

Kirsch, Memphis, TN, for Northwest Airlines, Inc.

James W. McBride, Janis M. Wild, Stephen D. Goodwin, for Federal Exp. Corp., American Airlines, Inc., Delta Air Lines, Inc.

Daryl J. Brand, Asst. Atty. Gen., Jimmy G. Creecy, Asst. Atty. Gen. (argued and briefed), Charles W. Burson, Atty. Gen., Crim. Justice Div., Nashville, TN, for Tennessee State Bd. of Equalization.

Before: KENNEDY and MARTIN, Circuit Judges; and GRAHAM, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

Northwest Airlines, Federal Express, American Airlines, and Delta Airlines appeal the district court's dismissal of their action seeking to enjoin Tennessee's method of taxing air carrier property physically located in Tennessee. The air carriers complain that Tennessee's tax scheme violates 49 U.S.C.App. § 1513(d), part of the Airport and Airway Improvement Act of 1982, by discriminating against interstate commerce. Specifically, the carriers assert that Tennessee's system of taxation imposes an unfairly high levy on their loading equipment, access gates, and machinery.

Tennessee's State Board of Equalization moved to dismiss the plaintiffs' claim for lack of subject matter jurisdiction, arguing that the Tax Injunction Act, 28 U.S.C. § 1341, deprived the district court of jurisdiction to enjoin Tennessee's tax structure. The air carriers opposed this motion on the ground that the assessment review procedure mandated by Tennessee law, under the peculiar facts of this case, did not provide the carriers with an adequate remedy for the claimed violations. The district court agreed with the Board and dismissed the case. Because Tennessee does not have a plain, speedy, and efficient procedure for hearing the air carriers' claim, we believe that the Tax Injunction Act does not bar the district court from deciding that claim as it now stands. We therefore reverse.

All non-exempt tangible personal property located in Tennessee is subject to ad valorem taxation. Tenn. Const. of 1870, art. II, § 28 (1979). Different types of personal property are taxed at varying proportions of their value. *Id.;* Tenn.Code Ann. § 67–5–901 (1979). The assessing authority first values the property, then determines the assessment by multiplying the value of the property by the appropriate classification percentage. *Id.* Under Tenn.Code Ann. § 67–5–1301(a)(12), air carriers' property is appraised centrally by the Public Service Commission. To ensure that air carriers' property, and all other centrally assessed property, is taxed at the same level as property assessed at the county level, Tennessee created the Board of Equalization to promulgate rules and conduct hearings on tax assessments in Tennessee. *See* Tenn.Code Ann. §§ 67–5–1302, –1328 (1979).

Our first step in determining the adequacy of the state remedy for the air carriers' claim is to identify the applicable review procedure under Tennessee law. To that end, this panel certified the following questions to the Tennessee Supreme Court:

1. Does Tennessee provide any forum to the air carriers other than a hearing before the State Board of Equalization, provided by Tennessee Code Annotated § 67–5–1328, with review of its decision by a petition to review to the Middle Division of the Court of Appeals under Tennessee Code Annotated § 4–5–322(b)(1)?

2. As an alternative to the review provided by Tennessee Code Annotated § 4–5–322(b)(1), does Tennessee law authorize the airlines to pay the tax under protest and sue for a refund in circuit court?

3. If Tennessee provides an alternative forum, what is that forum and what must the carriers do procedurally to have their claim heard?

4. If Tennessee has an alternative forum (or fora), what bodies, if any, have jurisdiction to review the decision?

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

The Tennessee Supreme Court answered the first two questions in the negative, rendering the remaining questions moot. *See Northwest Airlines, Inc. v. Tennessee State Board of Equalization*, 861 S.W.2d 232, 236 (Tenn. 1993). Thus, the proper procedure under Tennessee law is for the air carriers to seek a hearing before the Board under Tenn.Code Ann. § 67–5–1328, and to petition for a review of that decision by the Tennessee Court of Appeals under Tenn.Code Ann. § 4–5–322(b)(1). Under this procedure, the Board serves as the finder of fact in adjudicating filed claims, and the appellate court proceedings are confined to the record generated by the Board. Tenn.Code Ann. § 4–5–322(g). Additional restrictions on the appellate court's review are contained in Tenn.Code Ann. § 4–5–322(h), which provides:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The air carriers contend that Tennessee's review procedure does not provide them with a "plain, speedy, and efficient" remedy as required by the Tax Injunction Act, 28 U.S.C. § 1341, because the Board cannot make an unbiased factual determination of the assessment level of personal property in Tennessee. The carriers point out that the Board, as a defendant in unrelated, pending federal litigation, has already taken a position adverse to them with respect to this determination.[1] Accordingly, they assert that because the Board has prejudged their claims, and the Tennessee Court of Appeals is precluded by statute from meaningful review of the Board's factual determinations, the Tax Injunction Act does not bar the air carriers' action in the district court.

■ The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Supreme Court has stated that this plain, speedy and efficient exception "appears to require a state-court remedy that meets certain minimal procedural criteria." *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 512, 101 S.Ct. 1221, 1228, 67 L.Ed.2d 464 (1981). State procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria, even if the taxpayer must pay under protest and sue for a refund, there is a two-year delay in resolving the case, and a judgment in favor of the taxpayer does not include interest accrued in the interim. *Id.* Addi-

---

1. At the time this appeal was taken, the Board was a defendant in two federal suits brought by railroad companies under the Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. § 11503. See Southern Railway Co. v. Stair, No. 90–1029 (W.D.Tenn. filed _____, 1990); *CSX Transportation, Inc., v. Tennessee State Board of Equalization*, No. 3:91–0066 (M.D.Tenn. filed _____, 1991). Section 11503(c) of the Act specifically confers jurisdiction on the district courts to hear claims that state taxes discriminate against rail transportation property under the Act. With respect to *Stair* and *CSX Transportation*, the Board admits that it has taken the position as a litigant that commercial and industrial personal property in Tennessee is assessed at the same level as real property, and that personal property is not under-assessed as a class. *Appellee's Brief* at 22. This position directly contravenes the air carriers' allegations concerning the actual level of assessments, and the need for equalization, in the instant case. The Board also admits that it has not conducted an evidentiary hearing in its judicial capacity on these issues. *Id.*

tionally, district court jurisdiction may not be grounded on the substantive inadequacy of the state court remedy. *Id.* at 512, 514, 101 S.Ct. at 1228, 1230; *see also Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 821 (7th Cir. 1978) (futility of state court proceedings does not render remedy inadequate, even if plaintiff is faced with recent, dispositive state court opinion contrary to its position). Thus, there is a strong presumption against district court jurisdiction over claims seeking to enjoin state tax collection procedures.

■ We believe, however, that the peculiar facts of the instant case present a rare exception to the general rule. According to *Hillsborough v. Cromwell*, 326 U.S. 620, 625, 66 S.Ct. 445, 449, 90 L.Ed. 358 (1946), the root inquiry that we must conduct is "whether the State affords full protection to the federal rights." Here, the Board of Equalization is the sole factfinder in the state review process for the air carriers' federal claim under 49 U.S.C. § 1513(d), and is precluded by its position in pending federal litigation from crediting the carriers' evidence in support of that claim. The Tennessee Court of Appeals is prevented from effectively reviewing the Board's factual determination by Tenn.Code Ann. § 4–5–322(h)(5). Thus, under Tennessee's review procedure, the air carriers' rights under 49 U.S.C. § 1513(d) are not adequately protected because a full judicial hearing of their claims is not available. *See Rosewell*, 450 U.S. at 514, 101 S.Ct. at 1229 (citing *LaSalle National Bank v. County of Cook*, 57 Ill.2d 318, 312 N.E.2d 252 (1974)) (taxpayer must be provided with a full hearing and judicial determination at which she may raise all constitutional objections to tax). The carriers, as a result, do not have a "plain, speedy and efficient" remedy in state proceedings for the claimed violations of their rights, and thus the Tax Injunction Act does not bar their action in the district court.

The Board argues, correctly, that the Tennessee review procedure need not provide a remedy to the carriers that is as substantively adequate as the remedy potentially available in the federal courts. *Rosewell*, 450 U.S. at 512, 514, 101 S.Ct. at 1228, 1230; *Huber*, 585 F.2d at 821; *see also Cities Ser-* vice Gas Co. v. Oklahoma Tax Commission, 656 F.2d 584, 586 (10th Cir.) (likelihood of plaintiff's success in state court not a factor in evaluating application of § 1341 jurisdictional bar), *cert. denied*, 454 U.S. 1124, 102 S.Ct. 972, 71 L.Ed.2d 111 (1981). The district court below expressly relied on *Huber* in concluding that, although pursuit of the carriers' claim in state court might be futile, the carriers were nevertheless bound to proceed in that forum. We disagree with that conclusion.

In *Huber*, the court noted that even if recent, adverse state supreme court precedent were dispositive of the plaintiffs' claims, the plaintiffs could still seek review of those claims in the Supreme Court of the United States. The decision in *Huber*, however, dealt with the issue of whether the review process for the disposition of a question of *law* in the state courts met the requirements of the Tax Injunction Act. Even if the plaintiffs in a given case were faced with a dispositive state court precedent on a question of law, that precedent would not bind the United States Supreme Court in its subsequent review. In the instant case, the issue is whether the state process for the disposition of a question of *fact* meets the requirements of the Act. We believe that this is an issue of procedural, rather than substantive, adequacy. Even if the United States Supreme Court were to grant review in a case involving a state court disposition of a question of fact, the Court would not consider *de novo* the weight of the evidence relating to that disposition. Consequently, the Court would be bound by the factual determination reached in the state process. Thus, the district court's reliance on *Huber* is not supported by the facts before us.

On the unique facts of this case, we hold that the Tennessee review process does not meet the "minimal procedural criteria" described in *Rosewell* that would bar this action from the district court under the Tax Injunction Act. Specifically, the Board of Equalization has taken a position in pending litigation inconsistent with that of the air carriers in this case, precluding it from properly considering the evidence submitted by the airlines

in support of their claims.[2]  As the Tennessee Court of Appeals is barred by statute from effective review of the Board's factual determination, we believe that the air carriers do not have a plain, speedy and efficient remedy under the Tennessee review process. The district court thus has jurisdiction over their claims.

For the foregoing reasons, the judgment of the district court is reversed.

**2.**  We emphasize that the Board's position is not based on a decision reached in a judicial or quasi-judicial capacity, but a position that it has adopted solely as a litigant.  *See* n. 1, *supra.*