13-4769-cr
*United States v. Ramirez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
                 JOHN M. WALKER, JR.,
                 DENNY CHIN,
                         *Circuit Judges.*

────────────────────────────────────────

UNITED STATES OF AMERICA,

                 *Appellee*,

                 v.                                              No. 13-4769-cr

PABLO ADELSO MARTINEZ, JUAN ANEURY SALCE-MARTINEZ,

                 *Defendants*,

SANTIAGO M. RAMIREZ, AKA ALEX RAMIREZ,

                 *Defendant-Appellant*.

────────────────────────────────────────

For Appellee:                    Amy Busa and Michael P. Canty, Assistant United States
                                         Attorneys, *for* Loretta E. Lynch, United States Attorney for the
                                         Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:    Israel Arana, Coral Gables, FL.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is hereby **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.

Defendant-Appellant Santiago M. Ramirez appeals from a judgment entered on December 17, 2013, by the United States District Court for the Eastern District of New York (Seybert, *J.*), which sentenced him to concurrent terms of 60 months' imprisonment on one count of conspiracy to commit food stamp fraud in violation of 18 U.S.C. § 371, 96 months' imprisonment on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 & 1349, and 60 months' imprisonment on one count of making false statements in violation of 18 U.S.C. § 1001(a)(2). On appeal, Ramirez argues, *inter alia,* that his below-Guidelines sentence was unreasonable for four reasons: (1) the 14-level enhancement based on the loss amount should have been determined by a jury rather than the judge; (2) the court improperly imposed a two-level enhancement for obstruction of justice; (3) the 96-month below-Guidelines sentence was substantively unreasonable; and (4) the requirement that he register as a sex offender in light of a 1987 forcible rape conviction was an unreasonable term of supervised release for this crime. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). In other words, substantive unreasonableness occurs only if the

2

sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law."*United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). A sentence is procedurally unreasonable if the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Under these standards, we conclude that appellant's challenges are without merit, except perhaps in one respect. First, even with the 14-level enhancement based on the loss amount, the 96-month sentence was both below the Guidelines range and below the statutory maximum for each of the crimes of which Ramirez was convicted. A jury is required to make specific factual findings only where those findings would compel a sentence greater than the statutory maximum or increase the mandatory minimum. *See Alleyne v. United States,* 133 S. Ct. 2151, 2155 (2013) *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001) ("Here, the district court did not exceed the maximum for any individual count. It cannot therefore be said that, as to any individual count, the court's findings resulted in the imposition of a greater punishment than was authorized by the jury's verdict."). Indeed, where factual findings do not allow for a sentence greater than the statutory maximum, judicial factfinding rather than jury factfinding is "required [] under an advisory Guidelines regime." *United States v. Singletary,* 458 F.3d 72, 80 (2d Cir. 2006) (emphasis omitted).

Second, none of the appellant's arguments that he failed to obstruct justice finds any support in the record. To the contrary, the jury found that Ramirez knowingly failed to disclose a

3

prior conviction for violating the regulations of the food stamp program and knowingly gave cash in exchange for food stamp credit. Moreover, as the judge concluded "there's no doubt . . . that [Ramirez] lied over and over and over and over again." A. 68.

Third, the below-Guidelines sentence was not substantively unreasonable under the circumstances. As the trial judge explained at sentencing, the jury found that "[Ramirez] stole from the very people out there that might need th[e food stamp] program in extremely poor areas. And what he did after he stole from the government and took money by not affording the people the appropriate products to purchase, what did he do? He turned around and kept half of their money . . . . He stole twice. . . . If that isn't serious, I don't know what is." A. 68. As we have explained on a number of occasions, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (internal quotation marks and citation omitted). Ramirez's sentence of 96 months' imprisonment is more than ten percent less than the low-end of the 108-135 months guideline range. Based on the reasoning above, we conclude that the sentence is nowhere close to "shockingly high,
shockingly low, or otherwise unsupportable as a matter of law" such that allowing it to stand would "damage the administration of justice." *See Rigas*, 583 F.3d at 123.

Fourth, while it is established law in this Circuit that "section 3583(d) . . . authorize[s] the imposition of [sex registration] conditions following a conviction for a non-sex offense," such conditions are only permissible where they are "not overly broad or vague." *United States*

4

*v. Dupes*, 513 F.3d 338, 344 (2d Cir. 2008). Here, the district court failed to specifically articulate its reasons for imposing a discretionary sex registration condition and we are therefore unable to determine whether the registration condition was "overly broad or vague." As we have explained in the context of a district court's application of the discretionary 18 U.S.C. section 3553 factors, "[f]or our own purposes, an adequate explanation is a precondition for meaningful appellate review." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

We therefore **REMAND** this case to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), for further proceedings. On remand, the district court should articulate the specific reasons for imposing the sex registration condition on the record, or alternatively, to state that the sex registration condition is no longer necessary. We, of course, express no view at this juncture as to whether the imposition of a sex registration requirement based on a twenty-seven-year-old sexual assault conviction, is substantively unreasonable or plain error.[1] Only once the record is adequately developed on remand will we be able to make such a determination.

The parties shall restore jurisdiction to this Court by informing the Clerk of Court by letter once the district court has issued its decision on remand. Following such notification, the

---

[1] In addition, we note that it appears that under New York law the registration period may have expired by the time of sentencing. *See* N.Y. Correct. Law § 168-h(1) ("The duration of registration and verification for a sex offender who has not been designated a sexual predator, or a sexually violent offender, or a predicate sex offender, and who is classified as a level one risk, or who has not yet received a risk level classification, shall be annually for a period of twenty years from the initial date of registration."). We leave it to the district court to determine in the first instance whether this statutory provision is applicable in a federal sentencing and, if so, whether it compels a particular result in this case.

reinstated appeal will be decided by this panel without further briefing or oral argument unless otherwise ordered.

We have considered Ramirez's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court in part, **VACATE** in part, and **REMAND** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6