Velasquez Ramirez v. Barr

BIA
A095 968 898

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

PRESENT:
        DEBRA ANN LIVINGSTON,
                *Chief Judge,*
        REENA RAGGI,
        JOSEPH F. BIANCO,
                *Circuit Judges.*
_____

PEDRO VELASQUEZ RAMIREZ,
        *Petitioner,*

        v.                                          18-1439

                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jose Perez, Esq., Syracuse, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Leslie McKay, Senior
                         Litigation Counsel; Terri J.
                         Scadron, Assistant Director,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pedro Velasquez Ramirez, a native and citizen of Guatemala, seeks review of an April 10, 2018, decision of the BIA denying his motion for reconsideration. *In re Velasquez Ramirez,* No. A 095 968 898 (B.I.A. Apr. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). "An abuse of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal quotation marks omitted).

Velasquez Ramirez's argument that the BIA erred in

deciding his appeal without properly serving a briefing notice and considering the arguments he later raised in his late-filed brief is without merit. The agency reasonably concluded that the record showed the briefing notice was properly mailed to counsel's address of record in May 2017. Where, as here, an alien had notice of the proceedings, the agency does not abuse its discretion in denying a motion predicated on nonreceipt of a subsequent notice if the agency properly served it, regardless of the whether the alien actually received it. *Cf. Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 76–77 (2d Cir. 2007) (agency did not abuse its discretion in denying a motion to reopen and reissue an order that the petitioner did not timely appeal because, "[o]nce the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault"). Counsel asserts that he did not receive the scheduling notice, and that he attempted to learn the deadline by leaving two phone messages with the BIA's clerk's office after the notice issued. This may be evidence that the scheduling notice was

3

not properly mailed, but it is circumstantial, and the agency "may reasonably accord less weight to [evidence] of non-receipt than to its own records establishing that the [notice] was in fact mailed." *Ping Chen*, 502 F.3d at 77.

Because Velasquez Ramirez only timely petitioned for review of the BIA's April 2018 decision denying reconsideration, our review is limited to that decision, and we generally may not consider the agency's underlying decisions denying a continuance and denying Velasquez Ramirez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001) (holding that "we are precluded from passing on the merits of the underlying . . . proceedings" when reviewing the denial of reconsideration). To the extent that in denying reconsideration, the BIA restated that there was no error in the IJ's rulings, we find no abuse of discretion because Velasquez Ramirez's challenges to the IJ's rulings lack merit.

The IJ has substantial discretion in granting and denying continuances, and Velasquez Ramirez's counsel did not

4

establish that she could not have prepared for the merits hearing. *See* 8 C.F.R. § 1003.29; *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (BIA 1983) (holding that a motion for a continuance based on lack of preparation must be supported by "a reasonable showing that the lack of preparation occurred despite a good faith effort to be ready to proceed"). As to asylum, withholding of removal, and CAT relief, Velasquez Ramirez did not show that he had suffered past harm rising to the level of persecution or demonstrate an objectively reasonable fear of future harm based on a single encounter with a man who asked him to transport drugs. Even construing his testimony to assert that he had been threatened, a single unfulfilled threat does not constitute past persecution, *see Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412–13 (2d Cir. 2006), and his fear of future harm was speculative because he testified that he did not tell his putative abuser anything about his identity or where he lived, there was no evidence of any further attempts to contact him or his family after this encounter, and he did not know of anyone else in his town who had been hurt by drug traffickers, *see Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the

5

absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Because all of his claims rested on the same factual predicate and he failed to meet the burden for asylum, he "necessarily" failed to meet the more demanding burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6